THE BOARD OF COMMISSIONERS OF WARREN COUNTY *v.* THE STATE, on the relation of ENNIS and Another.

Petition to the *Board of Commissioners of Warren County,* for a change of boundary between that county and *Fountain.* The board, having heard the evidence, refused to order the petition to be filed and continued, and refused to permit any record to be made of their proceedings on the petition. Proceedings, by mandate, in the Circuit Court, to compel the board to make such record.

*Held,* that a record should have been made by the commissioners, of their action on the petition, so that an appeal could be taken, if desired.

*Held,* also, that they might be compelled, by mandate, to make such record.

*Held,* also, that the merits of the petition must be tried on appeal, and not on a return to the mandate.

*Saturday, December 8.*

APPEAL from the *Warren* Circuit Court.

PERKINS, J.—*Ennis* and some seven hundred others, a part of whom were citizens of *Fountain* county, and a part citizens of *Warren,* presented their petition to the Board of Commissioners of the latter county, praying a change of the boundary line between those two counties.

The board heard the proofs touching the residence of the petitioners, the proportion they bore to the whole number of residents in the territory, the jurisdiction over which would

Nov. Term,
1860.

THE BOARD
OF COMMIS-
SIONERS OF
WARREN Co.
v.
THE STATE.

be transferred by the proposed change, the number of square miles in the county, &c.; and, on consideration dismissed said petition, that is, refused to order it to be filed and continued to their next meeting.

The petitioners desired to appeal, but the commissioners refused to permit any entry to be made, of record, of their proceedings and final order, so that a transcript could be obtained for the purposes of the appeal.

The petitioners then applied to the Circuit Court for a mandate to the commissioners to permit such entry. A rule to show cause was granted. The commissioners answered, relying upon matters going to the merits of the question, whether a case for a change of boundaries, under the statute, was made, and negativing the fact. A double change was prayed for, setting off a part of *Fountain* to *Warren*, and a part of *Warren* to *Fountain* county. The Court ordered the mandate.

We think the Court did right in ordering the mandate. We think a record of the action of the commissioners should have been made, so that an appeal could be taken, or, even if an appeal was not prayed. They constitute a Court of record. The application for a change of county boundaries, necessarily, under the statute, involves questions of fact, which in some mode may be tried; and from the final determination. of which, before the board, an appeal may be taken. And the proper time for the appellate Court to decide the question on the merits of the petition, in each case, will be when the cause comes before it on appeal. Then the Court will have to determine the construction to be given to the second section of the act authorizing the formation of counties, and change of boundaries; whether a double change can be had in one and the same proceeding, or not. (See Acts of 1857, p. 25.)

The subject matter was one of which the commissioners had jurisdiction. No question is made upon this suit being in the name of the State.

*Per Curiam.*—The judgment is affirmed, with costs.

*Gregory & Harper, Parke & Brown* and *R. A. Chandler,* for appellant.

*J. E. McDonald* and *A. L. Roache,* for appellee.