## SUTHERLAND ET AL. *v.* HANKINS ET AL.

EVIDENCE.—*Opinion of Witness.—Insanity.*—Before a witness can be permitted to give his opinion as to the mental condition of a person alleged to be of unsound mind, he must testify to facts showing that he is qualified to give such opinion.

SAME.—*New Trial.—Motion.—Evidence Excluded.—Practice.*—A motion for a new trial, based upon the alleged erroneous exclusion of evidence of the opinion of a witness as to the mental condition of a person alleged to be of unsound mind, must allege that such witness had testified to facts showing him to be qualified to give such opinion.

SAME.—*Bill of Exceptions.*—A reference in such motion to such qualifying evidence, as inserted in a bill of exceptions not then signed and filed, is insufficient.

WITNESS.—*Husband and Wife.*—Where the rights of a party to an action, wherein, either with or against him, a husband and wife are also parties, may depend upon the testimony of either, such party may compel either

Sutherland *et al. v.* Hankins *et al.*

of them to testify as a witness, even though such testimony must necessarily affect the rights of the other.

SAME.—*New Trial.—Motion.—Competency of Witness.*—A motion for a new trial, based upon the absolute refusal of the court to permit a person called as a witness to testify, need not specify what fact was proposed to be proved by him.

SAME.—Where the lower court has erred in refusing to allow a competent witness to testify, the judgment in such cause will be reversed by the Supreme Court, on appeal, notwithstanding the fact that the evidence given on the trial of such cause is not in the record.

SAME.—*Instructions to Jury.—Numbering them.*—Unless requested so to do by a party to the action, the court need not reduce to writing and number its instructions to the jury trying such cause.

SAME.—*Bill of Exceptions.—Supreme Court.*—No question as to the action of the lower court, in giving or refusing an instruction to the jury, is presented to the Supreme Court, on appeal, unless such instruction, the action of such court thereon, and a proper exception thereto are made part of the record by a bill of exceptions.

SAME.—*Instruction Asked must be Signed.*—No question in relation to the action of the lower court, in giving or refusing an instruction to the jury, asked by a party, is presented to the Supreme Court, on appeal, unless the same was signed by such party or his attorney.

WILLS.—*Probate.—Validity.—Pleading.—Jurisdiction.*—To give jurisdiction to the court of the subject-matter of an action to set aside the probate, and contest the validity, of a will, the complaint must aver, either that the testator died in the county where such action is commenced, or that some part of his estate is therein.

SAME.—*Verification of Complaint.—Supreme Court.—Waiver.*—The fact that such complaint is not verified, as required by section 39 of the act in relation to wills, (2 R. S. 1876, p. 580,) does not oust such court of its jurisdiction, and is an objection which can not be urged to the complaint for the first time in the Supreme Court.

From the Marion Circuit Court.

*F. M. Finch* and *J. A. Finch*, for appellants.

*B. Harrison, C. C. Hines* and *W. H. H. Miller*, for appellees.

HOWK, J.—In this action the appellants, as plaintiffs, commenced an action in the court below, making the appellees the defendants thereto, to set aside the probate, and contest the validity, of the alleged last will and testament of one Stephen Hankins, late of Marion county, Indiana, deceased.

Appellants' complaint alleged, in substance, that Stephen Hankins, late of said county, died on the — day of ——, 1873, in said county, intestate, having, among other property of which he was seized in life, a certain tract of land, in said county, particularly described in said complaint; that the appellants and the appellees were the only heirs at law of said Stephen Hankins, deceased, and as such were entitled to certain specified shares of said lands; that after the death of said Stephen Hankins, the appellees had set up and propounded a paper as the last will of said decedent, a copy of which was filed with said complaint; that the appellee Isaac R. Hankins, under said pretended will, asserted and pretended that he was entitled by virtue thereof to so much of the eighty acres of land, described in the complaint, as lay west of a line running north and south through the same, so as to leave fifty acres on the east, and thirty acres on the west, side of said line, and to all the eleven and one-fourth acres described in the complaint; that the appellee Lawson Abbott had wrongfully taken out letters of administration on said decedent's estate, with a copy of said pretended will annexed, which said pretended will, he, said Abbott, and his co-appellees asserted and claimed, had been duly proved and recorded, and he, said Abbott, was proceeding to administer said estate and distribute the same according to the provisions of said pretended will; that at the date of said pretended will, and for many months before and after that date, the said Stephen Hankins had become, from his great age and from continued debility, incapable of making a will, or of attending to his ordinary business with any judgment or discretion, and for many years, from continued debility, old age, and a general failing in all his faculties, he had been unable to do his own ordinary business, and had wholly entrusted the same to appellee Isaac R. Hankins, with whom he lived and was in constant daily intercourse; that by reason of said intercourse, and of the appellee Isaac R. Hankins

having charge of the whole business of said decedent, and by artful influence exerted over the mind of said Stephen by said Isaac R. Hankins, the said Isaac R. acquired such an undue influence over the mind and will of said Stephen, his father, that he wholly controlled and moulded him to his own purposes, and acquired such complete influence over him, that he caused the said Stephen to bequeath to him, by said pretended will, forty-one acres of said land, which is of greater value than the entire balance of said decedent's estate; that, at and before the date of said pretended will, the appellee Isaac R. Hankins, by his undue influence upon the mind and will of said Stephen, caused him to have the said pretended will drawn up by a party selected for that purpose, and brought to said Stephen, by said Isaac R.; that for many years before his death, said Stephen found himself incapable of transacting his own business, and by the fraudulent connivance and instigation of said Isaac, and by his persuasions and improper influences, the said Stephen was induced to put all his personal property, amounting to more than two thousand dollars, into the hands and control of said Isaac, taking his obligation therefor, relinquishing to said Isaac all further control of his own business; and that, shortly before the date of said pretended will, said Isaac, by his undue influence over the mind of said Stephen, his father, caused him to destroy said obligation concerning his personal property, and caused him to bestow all of said personal property upon him, said Isaac, in exclusion of the other heirs of said decedent; and, having obtained full possession of said personal property, the said Isaac then caused said pretended will to be made, and had the same signed by said Stephen. And the appellants charged, that the making of said pretended will, under the circumstances mentioned, was a fraud upon the other children and heirs at law of said Stephen, the appellants in this action; that for three years before the death of said Stephen, and at the making of said pre-

tended will, he was of unsound mind and memory, and, from mental weakness and the effects of old age, was incapable of making a will, and was under the constraint and undue influence of said Isaac R. Hankins; and that the paper propounded as a will was not said Stephen's last will and testament, but was procured by the fraud, misrepresentation, and undue influence of said Isaac R. Hankins.

Wherefore the appellants prayed, that said pretended will be set aside and declared null and void; that the appellee Isaac R. Hankins be required to account for all moneys and property obtained by him from said Stephen by gift or donation, or otherwise, within the last three years; and that said lands be divided equally between the children and heirs at law of said Stephen Hankins, according to their respective rights, and for all other proper relief.

To appellants' complaint, the appellees answered separately, by a general denial of the matters alleged therein.

And the issues thus joined were tried by a jury, in the court below, and a verdict was returned for the appellees, the defendants below. Upon written causes filed, the appellants moved the court for a new trial, which motion was overruled, and the appellants excepted; and a judgment was rendered upon the verdict, from which this appeal is here prosecuted. A bill of exceptions, containing all the evidence on the trial, is properly in the record.

In this court, the appellants have assigned seven alleged errors, only one of which is available to the appellants, as here presented, for any purpose; the other six alleged errors containing matters, which might possibly be good causes for a new trial, in a motion therefor addressed to the court below.

The one available alleged error, assigned in this court, is, that the court below erred in overruling the appellants' motion for a new trial. In their motion for such new trial, the appellants assigned several distinct causes or

reasons therefor.   Without setting out, in terms, the several causes for a new trial, assigned by the appellants in their motion therefor, we will state their objections to the decisions of the court below, which  they urge  were erroneous, in their own  language.   In their argument of this cause, in this court, the appellants have urged objections to the several actions or decisions of the court below, as follows, to wit :

" 1.   To the action of the court, in refusing to permit witnesses to testify for the plaintiffs (appellants) as to the want of capacity of the testator.

" 2.   To the action of the court, in permitting witnesses to testify for the defendants (appellees) as to the testamentary capacity of the testator, not having stated facts sufficient to warrant them in giving an opinion.

" 3.   To the action of the court, in refusing to permit Jacob Grube to testify when a plaintiff, and in refusing to permit the appellants to call him as a witness, after he and his wife had dismissed their suit as plaintiffs, and were joined as defendants.

" 4.   To the action of the court, in not numbering the instructions given.

" 5.   To the action of the court, in giving improper instructions.

" 6.   To the action of the court, in refusing to give proper instructions asked by plaintiffs."

These several objections of the appellants to the acts and decisions of the court below, we will consider in their order.

1.   In their motion for a new trial, the appellants assigned, as one of the causes therefor, that " the court refused to permit Morris Howland, a witness for the plaintiff, to testify to his opinion of the soundness of mind of Stephen Hankins, within the last three years of his life, after he had testified as follows, of his acquaintance and conversation with said Hankins: (inserted in bill of exceptions)."   It appears from the record, that appellants'

motion for a new trial was filed, in the court below, on the 5th day, and overruled on the 14th day, of November, 1874; while the bill of exceptions, referred to in said motion, was neither signed nor filed in said court until the next term thereof, to wit, on the 23d day of December, 1874. This cause for a new trial, as set out in the motion, was too vague and imperfect, and it could not be aided, in these particulars, by a bill of exceptions, which was afterward filed. *Worthington* v. *Brown*, 48 Ind. 152, and *Cobble* v. *Tomlinson*, 50 Ind. 550.

But, even if we should disregard these and other decisions of this court, (which we are not inclined to do,) and look to the evidence of Morris Howland, as set out in the bill of exceptions, in aid of this cause for a new trial as stated in said motion, we could not hold, that the court below had erred, in refusing to permit said Howland to answer the questions propounded to him by appellants' counsel, for the reason that his evidence had not shown, that, within the last three years of Stephen Hankins' life, the witness, Howland, had seen any actions of, or had any conversations with, said Hankins, from which he had formed any opinion of the soundness of said Hankins' mind, within those years, which would be competent evidence to go to the jury. His mere opinion on this question, without having given or offered to give sufficient facts, from which such opinion was formed, was not competent evidence to go to the jury. *Kenworthy* v. *Williams*, 5 Ind. 375.

2. What we have said in reference to appellants' first objection to the decision of the court below, applies with equal force to the second objection, stated in their argument, in so far as we referred to the vagueness and imperfection of the alleged cause for a new trial, assigned in appellants' motion. This second objection has its origin in the third cause for a new trial, in appellants' motion; and in this third cause there is the same reference, as in the first cause, to a bill of exceptions which was neither

signed nor filed until the next term of the court below.
Under the authorities before cited, this reference will not
aid an imperfect and uncertain assignment of a cause for
a new trial.

3.   Appellants' third objection, as stated in their argu-
ment, was " to the action of the court, in refusing to per-
mit Jacob Grube to testify when a plaintiff, and in refus-
ing to permit the appellants to call him as a witness, after
he and his wife had dismissed their suit as plaintiffs, and
were joined as defendants." It appears from the record of
this cause, that Grube's wife was one of the children and
heirs at law of said Stephen Hankins, deceased; and she
was, therefore, a necessary party to, and had a direct interest
in, this action.   It does not appear from the record, that
Grube had any personal interest in the action, or that he
had any interest whatever therein, except such an interest
as a husband may naturally be presumed to have in the
property and rights of his wife.   All of the children and
grandchildren of said Stephen Hankins, deceased, except
his son, Isaac R. Hankins, had an interest in setting aside
the probate of the alleged last will of said decedent, and
in obtaining a judgment of the court below, declaring
said will invalid.   Grube's wife was originally a plaintiff
in this suit, and although she was subsequently made a
defendant, yet her interest remained with the other plain-
tiffs, as contestants of the alleged will.   A judgment in
favor of the plaintiffs would enure to her benefit, whether
she remained an actual plaintiff, or became a nominal
defendant.   Whatever evidence was or could be adduced
upon the trial, which tended to establish the unsoundness
of mind of said Stephen Hankins, at the time of the exe-
cution of the alleged will, must, it would seem, be evi-
dence for Grube's wife; while all evidence, which tended
to establish his soundness of mind when the will was exe-
cuted, could only be regarded as evidence against her.
The interests of the contestants of the will could not pos-
sibly be severed ; for, if the will was set aside and declared

invalid, in favor of any one of the contestants, it must be so done as to all of them.

Such being the case, the question presented is this: Was Jacob Grube a competent witness in this action, either as plaintiff or defendant? It will not be doubted, we apprehend, that the competency of witnesses is a proper subject of legislation in this State. Where this is the case, it is the duty of the courts, as we understand our duty, to give a liberal construction to such legislation. It must be apparent to any one who has watched the course of legislation on this subject, in this State, during the last decade, that there is a growing inclination towards the removal of all the disqualifications of witnesses, which formerly existed. By the 1st section of " An act defining who shall be competent witnesses," etc., approved March 11th, 1867, it is provided, among other things, that " any person, party in a civil action, may testify in his own behalf, or in behalf of any other party or parties therein, and any one person or party in a suit may compel any other person or party therein to testify under the same regulations as other witnesses may be compelled." 2 R. S. 1876, p. 132. If the language just cited stood alone, no one could entertain even a shadow of a doubt, either as to the competency of Jacob Grube, as a witness in this cause, or as to the right of any of the other parties to the action to compel him to testify. But in the 2d section of the same act is the following provision, among others: " husband and wife as to matters for or against each other, * * * * * * * * * shall not in any case be competent witnesses." 2 R. S. 1876, p. 133. It is clearly the duty of the courts, in the interest of even-handed justice, in cases where the rights of parties to the action, other than the husband and wife, who may also be parties, may depend upon the testimony of such husband or wife, to any extent, to so construe the above recited provisions as to allow husband or wife to testify, when called by such other parties, as a witness in their behalf,

even where such testimony, of either husband or wife, must, of necessity, affect in some manner the rights of the other. This conclusion is in harmony with the decisions of this court, in *Bennifield* v. *Hypres*, 38 Ind. 498, in *Rogers* v. *Rogers*, 46 Ind. 1, and in *McConnell* v. *Martin*, 52 Ind. 434. We hold, therefore, that the court below erred in its refusal to permit Jacob Grube to testify as a witness in behalf of the appellants, both when he and his wife were plaintiffs, and when, in the course of the trial, they were subsequently made defendants.

4. The fourth objection stated by the appellants, in their argument of this cause, to the action of the court below, was, that the court did not number its instructions given to the jury. The record does not show that either party required that the instructions of the court to the jury should be in writing, and be numbered and signed by the judge. Without such a requirement by the parties, or one of them, the instructions of the court to the jury need not be in writing, and, if in writing, of the court's own motion, need not be numbered nor signed by the judge, as we construe the statute. 2. R. S. 1876, p. 167.

5. Appellants' fifth objection, as stated in their argument, was "to the action of the court, in giving improper instructions." The record fails to show that any exceptions were saved, in any manner, to the instructions of the court below to the jury. The clerk of that court has copied into the record of this cause a writing, purporting to be the instructions of the court to the jury, but these instructions were not made a part of the record, in any manner known to our law, and no exceptions were reserved thereto. Therefore, these instructions, if such they are, are not properly before us, and no questions are thereby presented for our consideration. *The Jeffersonville, etc., R. R. Co.* v. *Cox*, 37 Ind. 325.

6. And the sixth and last objection of the appellants, as stated in their argument, was "to the action of the

court, in refusing to give proper instructions, asked for by plaintiffs." The instructions referred to in this objection do not appear to have been signed by the appellants, or by their attorneys. In section 324 of the practice act, it is provided, among other things, that when " either party desires special instructions to be given to the jury, such instructions shall be reduced to writing, numbered and signed by the party or his attorney asking the same, and delivered to the court." 2 R. S. 1876, p. 166. It has accordingly been held by this court, in a number of cases, that instructions asked for by a party, whether given or refused, must be signed either by the party or by his attorney, otherwise they will not be noticed or considered by this court, although they may have been copied into the record. *The Jeffersonville, etc., R. R. Co.* v. *Vancant*, 40 Ind. 233; *The Terre Haute, etc., R. R. Co.* v. *Graham*, 46 Ind. 239; *Vanderkarr* v. *The State*, 51 Ind. 91.

Our conclusion is, however, for the reasons heretofore given, that the court below erred, in overruling the appellants' motion for a new trial.

The judgment is reversed, and the cause is remanded, with instructions to the court below to sustain the appellants' motion for a new trial, and for further proceedings, in accordance with this opinion.

### ON PETITION FOR A REHEARING.

Howk, J.—An able and earnest petition for a rehearing of this cause has been presented by appellees' counsel. We have carefully examined and considered the several points made in this petition, but we are by no means convinced thereby, that a rehearing of this case should be granted. On the contrary, our conclusion is, that we must adhere to our first decision. It is due, however, to appellees' learned attorneys, that the reasons for this conclusion should be briefly stated. The several reasons

assigned for a rehearing of this cause, in appellees' petition, will therefore be considered and passed upon, in the same order in which counsel have presented them. The first reason assigned for such rehearing is thus stated in the petition:

"1. Because the bill of exceptions fails to show that the evidence of the witness, Jacob Grube, if allowed to testify, would have been in any way material to the issues joined in the case."

Where a party complains, in this court, of the exclusion of offered evidence by a lower court, we have often held, that such party must show, by a bill of exceptions properly in the record, what the evidence was which had been excluded. And where, on the trial of a cause, a party has propounded to a witness a question, to which an objection has been made and sustained, we have also held, that, if such party desired the opinion of this court on the correctness of such decision, he must state to the lower court, clearly and explicitly, the evidence he hopes to elicit by the answer to his question; and then, if such evidence is excluded, and is made a part of the record by a proper bill of exceptions, the alleged erroneous decision of the lower court in regard thereto would be clearly and fairly presented for our consideration. *Graeter* v. *Williams*, 55 Ind. 461, and *Mitchell* v. *Chambers*, 55 Ind. 289. The reasons for these decisions are clearly stated in the cases cited, and need not be repeated.

But, in our opinion, there is a wide and marked difference between the questions decided in those cases and the question presented by the record of this cause. There, the character, quality and materiality of certain offered evidence were the matters to be passed upon; while here, the sole question for our consideration was not in regard to what Jacob Grube would testify, nor whether his testimony would be material or immaterial, but whether or not, by reason of his relationship to one of the parties to the action, he should be permitted to testify at all. The

objection of appellee's counsel, which was sustained by the court below, was not an objection to the matter of Jacob Grube's evidence, but it was an objection to his competency as a witness under the law, by reason of the fact that his wife was a proper, necessary, and an actual party to the action. The matter complained of by the appellants, in this court, was not the exclusion of any particular evidence, but the absolute refusal of the court below to allow a certain witness to testify at all, in the case. Where offered evidence is excluded, it must be made a part of the record before this court can pass upon the question, whether the court below has or has not erred in its exclusion. But where, as in this case, the matter complained of is the action of the court, in refusing to allow a witness to testify at all, the grounds of objection to the witness must be shown by a bill of exceptions, and this is all that need be shown in order to present the matter for our consideration.

2. The second reason assigned by the appellees for a rehearing of this cause is thus set out in the petition:

"We again call the attention of the court to the fact, that, though the bill of exceptions purports to set out all the evidence, yet it shows upon its face that, as a fact, the evidence is not all set out."

This point would have been well taken, if this court had, in its decision of this cause, passed upon the question of the sufficiency of the evidence to sustain the verdict. But that question was not presented to this court by appellants' counsel, and, of course, was not considered. The bill of exceptions did show that the appellees objected to Jacob Grube's testifying, "as his wife was a party," that the court below sustained the objection, and that to this decision the appellants at the time excepted. This ruling of the court below was therefore properly presented for our consideration by the bill of exceptions; and this was the only decision of the court below, embodied in the bill of exceptions, which this court has passed upon. To

make this decision a proper part of the record, it was only necessary that the bill of exceptions should state clearly the grounds of the decision, as it did in this case. It was not necessary to the presentation of the question, that the bill should contain the whole or any part of the evidence in this case. What the bill did contain, in addition to the decision of the court in regard to Jacob Grube, in so far as that decision was concerned, was mere surplusage; and the fact, that "the evidence is not all set out," can have no bearing on the only point, decided by this court, presented in and by said bill of exceptions.

3. As a third and final reason for a rehearing of this cause, appellees' counsel say :

"We again suggest, that under sec. 39, p. 580, of vol. 2, Davis' Statutes, the verification of the complaint is jurisdictional; and, as it affirmatively appears, that the complaint in this case was not verified, that question is still open in this court."

Before considering this suggestion, we may properly remark, that the record fails to show that appellee made any objection whatever to the complaint, or to its want of verification, in the court below; and we must therefore conclude, that appellee's objection, if such it may be termed, as set forth in his suggestion, is made for the first time in this court. We are not inclined to regard objections thus made with much favor; and where it appears, as it does in this case, that the objecting party was of full age and sound mind, and had failed to make his objection in the court below, our inclination is to hold that he has waived the right to object, in this court. But waiving this point in this case, we will now consider appellees' suggestion.

It may be conceded, that proceedings to contest the validity, and to resist or set aside the probate, of a will, are statutory proceedings, and that the statute providing for such proceedings ought to be conformed to. The statute provides, that the contestant's "allegation in

writing, verified by his affidavit," shall be filed in the proper court. Certainly, the safer and better practice, under this statute, would be for the contestant or plaintiff to verify his complaint by his affidavit. But we can not hold, that the verification of such a complaint is necessary to give the court jurisdiction of the cause or proceeding. The statute prescribes two jurisdictional facts, the existence of either one, or both, of which would give the proper court of the proper county jurisdiction of such a proceeding. These facts are, the death of the testator in the county, or that some part of his estate is in the county, in which the proceeding is commenced. Both of these facts were alleged in appellants' complaint, in this case; and in so far as the complaint was concerned, there could be no doubt of the jurisdiction of the court below over this action or proceeding. Now, the appellee Hankins had the right, on his appearance in this action, to insist upon the proper verification of appellants' complaint, before he should be required to answer said complaint. If this had been done, and the court below had then refused to require the appellants to verify their complaint, another and very different question would have been presented thereby for our consideration, than the one now presented. But said appellee saw fit, as in our opinion he had the right to do, to waive the verification by the appellants of their complaint, and to join issue and go to trial thereon, without such verification thereof. Having voluntarily adopted this course in the court below, without objection or exception saved, it must be considered by this court, that said appellee has waived any objection he might have taken in the court below to appellants' complaint, for the want of any verification thereof.

In support of their position on this point, appellees' counsel have referred us to the case of *Willett* v. *Porter,* 42 Ind. 250. An examination, however, of the case cited will show very clearly, we think, that it has no bearing whatever on the point we are now considering. In the

case cited, the objection to the complaint was, not that it was not verified, but that it had not been verified by all of the contestants. And this objection had been made in the court below, and not for the first time, as in this case, in this court. We think, therefore, that the case cited is not at all in conflict with our conclusion, in this case.

Appellees' petition for a rehearing of this cause is overruled.