## PUDNEY *v.* BURKHART.

EXEMPTION.—*Execution.*—*Action Against Sheriff by Wife of Debtor.*—*Failure to Verify Complaint.*—*Demurrer.*—*Waiver.*—*Practice.*—*Mandate.*—In an action by a married woman, against a sheriff holding an execution against the property of her husband, for a writ of mandate to compel the defendant to cause the husband's property to be appraised, in order that she might claim the lawful amount exempt from execution, the complaint, which was not verified, alleged that the defendant had in his possession, as sheriff, an execution against the husband's property, which he had not yet levied ; that he had in his hands a surplus of money realized from a sale by him of certain property belonging to the husband, in satisfaction of a prior execution, in favor of a third person against the husband ; that, after such sale but before he had received such surplus, the plaintiff had, on behalf of her husband, who was absent from home, made out and verified a proper schedule of her husband's property, and presented the same to the defendant, selected a competent person as appraiser, notified the sheriff thereof, and demanded the proper appraisement and exemption ; and that her husband was a resident freeholder of the State and county.

*Held*, on demurrer for insufficiency, that, by demurring, the defendant had waived the objection that the complaint was not verified.

*Held*, also, that, in such case, the proper practice is by a motion to reject the complaint for want of a proper verification.

*Held*, also, that, no levy having been made, mandate is the proper remedy in such case, and that the complaint is sufficient.

From the Johnson Circuit Court.

*S. P. Oyler*, for appellant.

*R. M. Miller* and *H. C. Barnett*, for appellee.

BIDDLE, J.—The complaint of Burkhart against Pudney avers the following facts:

That Pudney was and is the sheriff of the county; that. Martin A. Vaughn, on the 7th day of February, 1876, by the consideration of the Johnson Circuit Court, recovered judgment against Burkhart for two hundred and two dollars and forty-seven cents, and for the foreclosure of a mortgage on a certain town lot described; that, on the 13th day of March, 1876, a certified copy of the decree was placed in the hands of said sheriff, who levied on and sold said lot, on the 8th day of April, 1876, after having properly advertised the same; that, for the fee-simple of said lot, said sheriff received three hundred and sixty dollars and eighty-five cents, leaving a balance in the hands of the sheriff, after paying the decree, costs, commissions, etc., of one hundred and twenty-seven dollars and fifty cents, which last mentioned sum still remains in the hands of the sheriff unapplied. The decree and the sheriff's return thereon are made exhibits. That, at the time of said sale, the sheriff had in his hands, for service, an execution against Burkhart, Dunlap and others, as defendants, and in favor of the First National Bank of Franklin, for one hundred dollars and costs, under which no levy had been made, which execution was issued by the clerk of the Johnson Circuit Court, on a transcript from a justice of the peace; that, after said sale and before the payment of the money realized therefrom, Ellen Burkhart, the wife of the appellant, her husband at the time being absent from home, made her affidavit and schedule of property owned by the appellant at the time the execution in favor of the bank was issued, claiming therein the

Pudney v. Burkhart.

amount of three hundred dollars of said property, to be set apart as exempt from execution, averring that her said husband was a resident householder of Johnson county; that said Ellen filed said affidavit and schedule with said sheriff, and notified him that she had selected Daniel Waldon, a responsible freeholder of said county, to act as appraiser on behalf of her said husband, and demanded of him that said property be appraised, and that three hundred dollars in value be set apart under the exemption laws of this State, all of which the said sheriff failed and refused, and still fails and refuses to do.

Prayer for a writ of mandate commanding the sheriff to appraise said property, and have the proper amount set apart as exempt from execution.

A demurrer, alleging as cause that the complaint does not state facts sufficient to constitute a cause of action, was overruled, and exceptions entered.

The appellant stood by his demurrer and refused to answer further; whereupon the court granted the prayer of the complaint, and rendered judgment accordingly.

The complaint or motion was not verified by affidavit. For this defect the appellee insists that the demurrer to it should have been sustained.

We are of a different opinion.

If a pleading which the statute requires to be verified by affidavit is not so verified, and the opposite party accepts it, without objection for that reason, and takes issue of law or fact upon it, the objection will be considered as waived. *Hagar* v. *Mounts*, 3 Blackf. 57; *Hagar* v. *Mounts*, 3 Blackf. 261; *McCormick* v. *Maxwell*, 4 Blackf. 168; *Dawson* v. *Vaughan*, 42 Ind. 395.

The proper practice is, in such cases, to move to reject the pleading for want of verification. A demurrer admits the truth of the pleading, and thus supplies the want of verification which is complained of.

The appellant also claims that the writ of mandate will not lie, when there is any other adequate remedy. In this proposition we agree with him; but in this case the difficult question is: Is there any other adequate remedy? We think not. The act required of the sheriff is ministerial, not judicial. He has no discretion to do or not to do it. The law commands him. When the execution debtor claims property as exempted from execution, the language of the law is, that "The officer holding such execution shall cause the same to be appraised and set apart to the debtor." * * * 2 R. S. 1876, p. 355, secs. 9, 10, 11.

After levy made, perhaps the debtor might replevy the property if it was personal; in such case he would have an adequate remedy without the writ of mandate, but the debtor may demand the exemption · before levy, and should it be refused him, we know of no adequate remedy except by writ of mandate. Writs of mandate may be issued to " compel the performance of an act which the law specially enjoins; or, a duty resulting from an office, trust or station." 2 R. S. 1876, p. 296, sec. 739.

The act required to be done by the sheriff in this case is clearly a " duty resulting from an office," and there is no other adequate remedy against him.

We think the following authorities will support our views :

*Hamilton* v. *The State*, 3 Ind. 452 ; *The Board of Comm'rs, etc.*, v. *The State*, 15 Ind. 250 ; *Chapin* v. *Osborn*, 29 Ind. 99 ; *The Indianapolis and Cincinnati R. R. Co.* v. *The State*, 37 Ind. 489 ; *Kisler* v. *Cameron*, 39 Ind. 488; *The Green Mount and State Line Turnpike Co.* v. *Bulla*, 45 Ind. 1 ; *The Mayor and Common Council of Kokomo* v. *The State*, 57 Ind. 152; *Ex Parte Loy*, 59 Ind. 235 ; *The State* v. *Reitz*, ante, p. 159.

The judgment is affirmed, at the costs of the appellant.