Lange *et al. v.* Dammier *et al.*

Filed June 28 1889.

———◆———

No. 10,578.

LANGE ET AL. *v.* DAMMIER ET AL.

WILL.—*Contest.*—*Bond.*—*Time of Filing.*—While a proceeding to contest a will should be dismissed if the bond required by the statute is not filed, yet if a good bond is tendered after the proceeding is commenced it should be accepted.

SAME.—*Complaint to Contest.*—General allegations that a will was unduly executed, and that the testator was a person of unsound mind, make a complaint good under the statute relating to the contesting of wills.

SAME.—*Probate.*—*Res Judicata.*—*Query,* whether the record of the probat-

ing of a will has the effect of an ordinary judgment, and is conclusive as to the due execution of the will, except in an action under the statute to contest its validity.

CONVEYANCE.—*Insanity.*—*Disaffirmance.*—*Complaint.*—A complaint to recover real estate alleged to have been conveyed by an insane grantor, without consideration, is good on a motion in arrest of judgment, although it does not aver a disaffirmance before the commencement of the action.

PRACTICE.—*Supreme Court.*—*Questions Depending on Evidence.*—Questions which depend upon the evidence will not be considered where all the evidence is not in the record.

SAME.—*Arrest of Judgment.*—Where the court has acquired jurisdiction of the parties, and has jurisdiction of the subject-matter, judgment will not be arrested if the complaint contains one good paragraph.

SAME.—*Verification of Pleading.*—*Waiver of Objection.*—An objection on account of a failure to verify a pleading is waived unless made before entering upon the trial, and is therefore not presented by a motion in arrest of judgment.

From the Allen Circuit Court.

*J. Q. Stratton, I. Stratton, S. M. Hench* and *T. W. Wilson,* for appellants.

*W. G. Colerick, H. Colerick* and *W. S. Oppenheim,* for appellees.

BERKSHIRE, J.—This is an action between the children of William Lange, Sr., who died testate, in Allen county, on the 28th day of February, 1879. The controversy is over the title to certain real estate to which at one time the deceased held the title.

The amended complaint is in two paragraphs; both paragraphs describe the land; the first paragraph alleges that the appellee Hannah Dammier claims title by virtue of a deed executed to her by the decedent on the 4th day of January, 1877, and by his last will and testament executed on the 27th day of February, 1879; that the deed was executed without consideration; that the will was admitted to probate on the 6th day of March, 1879, and that when both instruments were executed the decedent was a person of unsound mind.

The second paragraph relates alone to the will, and alleges that the appellee Hannah Dammier claims title to the real estate by virtue of the will, which was probated on the 6th day of March, 1879, and that when the will was executed the testator was a person of unsound mind, and that the will was unduly executed.

The second paragraph of the complaint is verified, but the first paragraph is not. Some days after the amended complaint was filed, over the objection of the appellees, the appellants filed a bond as required by the statute in actions to contest wills. Upon the failure to file a bond in an action to contest a will the court should dismiss the proceedings; but as the filing of the bond is not a condition precedent to the right of the court to exercise jurisdiction, whenever a good and sufficient bond is tendered it should be accepted. This can work no prejudice to the contestees, because when the bond is filed the covenants of the obligors relate to the commencement of the action, as though the bond had been filed in the beginning.

The appellees answered by filing a general denial, and the issues joined were submitted to a jury, who returned a verdict for the appellants. The appellees filed a motion for a new trial, which the court overruled, and the proper exception was reserved in the record.

After the motion for a new trial was overruled, the appellants moved for judgment upon the verdict, and the appellees interposed a motion in arrest of judgment. The court overruled the former and sustained the latter motion, and the appellants excepted.

The appellants assign two errors: 1. Overruling their motion for judgment in their favor upon the verdict of the jury. 2. Sustaining the motion of the appellees in arrest of judgment.

The appellees assign a cross-error, viz., the overruling of their motion for a new trial.

All the questions presented by the cross-error depend upon

the evidence. The evidence is not all in the record. The depositions of Henry Dammier and Hannah Dammier were introduced in evidence by the appellants, but these depositions are not in the record.   Dr. G. B. Steman testified as a witness for the appellants.   In his examination in chief he stated :  " I am a physician ; on the hypothetical question propounded to Dr. Gobrecht, which I heard, my opinion is that the facts stated would be evidence of a derangement of mind."   The hypothetical question to which the answer was given is not in the record ; nor are the facts embodied in the question made a part of the witness' testimony in narrative form.   The hypothesis is necessarily a part of the witness' testimony ; without it his opinion is unintelligible—a mere empty shell.   We are compelled to disregard the cross-error.

The errors assigned by the appellants present the same questions and may be considered together.

It is a settled rule of practice in this State not to arrest judgment if the court has acquired jurisdiction over the person, and has jurisdiction of the subject-matter, if there is one good paragraph in the complaint.   *Baddeley* v. *Patterson,* 78 Ind. 157 ; *Jones* v. *Jones,* 97 Ind. 188 ; *Louisville, etc., R. W. Co.* v. *Fox,* 101 Ind. 416.

There was no objection made because of the failure to verify the first paragraph of the complaint, except so far as the motion in arrest of judgment may be regarded as an objection.   Had an objection been made at the proper time, and in the proper manner, it would have been the duty of the court to have stricken out all averments relating to the execution of the will and the mental condition of the testator, unless a verification of the paragraph had immediately followed the objection ; but the appellees having joined issue, submitted to a trial, and a verdict having been returned, without any objection having been made, all right to object was waived.   *Sutherland* v. *Hankins,* 56 Ind. 343, see pages 356, 357 ; *Pudney* v. *Burkhart,* 62 Ind. 179.   Where the verification of a pleading is required, the proper practice-

is to move its rejection for want of verification, and if part, but not all, of the averments require that the pleading shall be verified, and it is not, then such part should be rejected on motion. *Sutherland* v. *Hankins, supra; Decker* v. *Gilbert*, 80 Ind. 107; *Pudney* v. *Burkhart, supra;* see *Buchanan* v. *Logansport, etc., R. W. Co.*, 71 Ind. 265; *Turner* v. *Cook*, 36 Ind. 129; *Hagar* v. *Mounts*, 3 Blackf. 57; *Hagar* v. *Mounts*, 3 Blackf. 261; *McCormick* v. *Maxwell*, 4 Blackf. 168. The objection should be made before entering upon the trial, otherwise it comes too late.

Neither paragraph of the complaint is drawn with artistic accuracy, but the general allegations that the will was unduly executed and the testator of unsound mind make the paragraphs good under the statute for the contesting of wills. R. S. 1881, section 2596; *Kenworthy* v. *Williams*, 5 Ind. 375; *Reed* v. *Watson*, 27 Ind. 443; *Willett* v. *Porter*, 42 Ind. 250; *Etter* v. *Armstrong*, 46 Ind. 197.

By the first paragraph the validity of the conveyance, as well as the will, is attacked. One of the allegations against the validity of the deed is, that the testator was a person of unsound mind when it was signed and delivered. This allegation makes the complaint good as to the deed, unless it is necessary to allege and prove a disaffirmance before the institution of the action. The gist of the action is mental incapacity in the grantor when the deed was executed. As it is alleged that the conveyance was without consideration, the appellants were required to do nothing to place the appellees *in statu quo.*

It has been held by this and other courts that some action, amounting to a disaffirmance, ought to be taken before a suit will lie to recover back real estate conveyed by a person of unsound mind, who was not at the time under guardianship, and that as against a demurrer the pleading is bad unless it avers a disaffirmance. But the holding is, that a simple notice, or the execution of a conveyance to a stranger to the transaction, amounts to a disaffirmance. These cases, we

think, can only be upheld upon the ground that the law is not favorable to litigation, and that a person claiming the right to recover the title to real estate conveyed away by an insane person should not be allowed to sue for its recovery without giving the person holding under the conveyance an opportunity to reconvey without suit; otherwise, we think, the bringing of an action to recover the land would be as effectual a disaffirmance as the acts that we have named.

We quote the following from the opinion delivered by ZOLLARS, J., in the case of *Hull* v. *Louth*, 109 Ind. 315: "Nor can it be said, that as a condition precedent to the setting aside of the deed, she, or her guardian, must have disaffirmed the deed. As her mental incapacity has been continuous, she could not disaffirm, if that were necessary; and as her guardian was not appointed until after the suit was commenced, he could not have disaffirmed the deed before the bringing of the suit." But if a disaffirmance had been necessary, the guardian could have disaffirmed before filing the cross-complaint for his ward, which was the commencement of the action on her part to recover the land.

It is true that when the cross-complaint was filed in the case referred to the insane grantor had a guardian, but she had none when she made the deed. We refer to the case as an authority in support of the position that the act of disaffirmance, preceding an action to recover real estate conveyed by an insane person, is a mere technical requirement of the law to discourage litigation, and does not enter into or form a part of the legal right; if it does, the logical conclusion that must follow is, that in every case where the grantor was not under guardianship when the conveyance was made there must be some act of disaffirmance before bringing the action. But if placed upon the technical ground that the law discourages litigation, and therefore requires that an opportunity be given the party holding the title to reconvey without suit, and, where a good reason appears for not having disaffirmed, to excuse the technical requirement, then the

distinction is a reasonable one which requires a precedent disaffirmance, where the action is brought by a person of sound mind, and not to require it where the action is brought for the benefit of a person of unsound mind.

If we are right in our conclusion, it must follow that the first paragraph was good after verdict and as against the motion in arrest of judgment. *Balliett* v. *Humphreys*, 78 Ind. 388 ; *Yeoman* v. *Davis*, 86 Ind. 189 ; *Hansher* v. *Hanshew*, 94 Ind. 208 ; *Sims* v. *Dame*, 113 Ind. 127.

There is another question discussed by counsel, that, so far as we know, has never been passed upon by this court, and that is, whether or not, under our mode of procedure for the probating of wills, when a will is probated the record thereof has the effect of an ordinary judgment, and is *res adjudicata* as to the due execution of the will, except in an action brought to contest the validity of the will as provided by statute.

In most of the States a notice of some kind is provided for, and the will is probated by the court, and the probate made a matter of record as a part of the proceedings of the court. In most of these States the record is regarded as a judgment binding upon all persons interested in the estate, as legatees or heirs, and the validity of the will is held to be *res adjudicata.* *State* v. *McGlynn*, 20 Cal. 233 (81 Am. Dec. 118); *Schultz* v. *Schultz*, 10 Grattan, 358 (60 Am. Dec. 335) ; *Holliday* v. *Ward*, 19 Pa. St. 485 (57 Am. Dec. 671).

But in other States a different rule prevails, and the admission of the will to probate only authorizes an administration on the estate, and the admission of the will as evidence in the settlement of the estate, and in all matters of litigation involving the rights of persons claiming thereunder. *Leighton* v. *Orr*, 44 Iowa, 679 ; *Newman* v. *Waterman*, 63 Wis. 612 (53 Am. Rep. 310) ; *Lorieux* v. *Keller*, 5 Iowa, 196 (68 Am. Dec. 696) ; *Michael* v. *Baker*, 12 Md. 158 ; *Ellis* v. *Davis*, 109 U. S. 485.

In New York the common law rule prevails, and when a

will is admitted to probate the record is conclusive as to the personal, but not as to the real estate.

In our State a will may be admitted to probate before the clerk of the circuit court in vacation or by the court in term time. In either case no notice is required, and when a will is admitted to probate before the court, the clerk is directed merely to make just such a record as he would make in vacation without direction. It has been held, and is the settled law of this State, that the clerk of the circuit court can not exercise judicial powers.

Having given the question some considerable consideration as we find it in the record, and without intimating any opinion as to the result of our investigation, we have thought it not improper to say what we have said.

Judgment reversed, with costs, and the court below is instructed to sustain the appellants' motion for judgment on the verdict of the jury.

Filed June 4, 1889; petition for a rehearing overruled Sept. 19, 1889.