IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1898, AND MAY TERM, 1899, IN THE EIGHTY-THIRD YEAR OF THE STATE.

---

### WICKHIZER ET AL. *v.* BOLIN.

[No. 2,452. Filed March 7, 1899.]

BILLS AND NOTES.—*Delivery.—Evidence.—Non Est Factum.*—Where a note and bill of sale were signed and deposited with a third person under an agreement that they were not to be delivered except with the consent and in the presence of the makers thereof, evidence was admissible in an action on the note, under a plea of *non est factum*, to show such agreement, and that the note had not been delivered in accordance with such agreement. *pp. 1-7.*

PLEADING.—*Verification.—Waiver.*—Where plaintiff, without objection, went to trial on a joint answer, denying the execution of the note in suit, verified by but one of the defendants, such irregularity was thereby waived, and cannot be raised on appeal under a motion for a new trial. *pp. 7-10.*

From the Marshall Circuit Court. *Reversed.*

*Charles Kellison* and *Charles P. Drummond*, for appellants.

*Martindale & Stevens*, for appellee.

HENLEY, J.—This action was commenced by appellee as plaintiff in the lower court. The complaint was in two

paragraphs, the first paragraph of which is upon a promissory note, the second upon a bill of sale. Appellants' answer consists of four paragraphs; the first, a general denial; the second, a plea of *non est factum*, addressed to the first paragraph of the complaint; the third paragraph of answer avers the facts connected with the whole transaction, and is addressed to both paragraphs of complaint; the fourth is an answer of *non est factum*, addressed to the second paragraph of complaint. A demurrer for want of facts was overruled to each paragraph of answer. A reply in general denial to the second, third, and fourth paragraphs of answer closed the issues. There was a trial by jury, and verdict in favor of appellee. Appellants' motion for a new trial was overruled, and judgment rendered in favor of appellee upon the verdict of the jury.

Appellants have assigned as error the overruling of their motion for a new trial, and this is all the alleged error discussed by counsel for appellants in their able brief filed herein. The questions discussed arise wholly from the failure of the lower court to permit appellants to introduce certain evidence, and the giving, and the refusal to give, certain instructions. The record presents all the questions argued by appellants' counsel. On account of the questions presented, being principally as to the admissibility of evidence, we think it proper that the opinion should fully show the issues as they are presented to this court by the record. In the first place the execution of both the instruments declared upon was denied under oath. The third paragraph of answer, purporting to give all the facts surrounding the execution of both the note and bill of sale, was, in substance, as follows: That each of the appellants had, prior to the 30th day of November, 1895, obligated himself as surety for the appellee on certain promissory notes, and was so bound on said last mentioned date,—all of which notes are fully described in the answer. That appellee was at said time financially embarrassed, and in failing circumstances, and was be-

Wickhizer *v.* Bolin.

ing pressed by his creditors to pay said obligations, upon which he was principal and these appellants were sureties; that appellee was at the time the owner of a stock of goods situated in the town of Tipton, Indiana, upon which stock of goods there was a chattel mortgage, executed by appellee to one John F. Browen, assignee of John W. Hobbs, given to secure the payment of a claim upon which there was on the 30th day of November, 1895, the sum of $637.55 due and unpaid. That the holder of said chattel mortgage was clamoring for payment and was about to take possession of the stock of goods. That appellee in order to secure and protect appellants, who had never seen said stock of goods and knew nothing whatever of their value, proposed to appellants to turn over to them said stock of goods at Tipton, Indiana, under the following terms and conditions, which were on said 30th day of November, 1895, fully agreed upon and accepted by appellants upon one side, and appellee upon the other. Appellants were to take said goods, subject to the chattel mortgage, and sell the same at the best possible price, subject to the approval of appellee, and apply the proceeds, first, to the payment of the mortgage indebtedness, and the balance to the payment of the notes and obligations upon which appellants were liable as sureties of appellee; and if any balance was left over after such payment, it was to be returned to the appellee. In pursuance of said agreement, appellee had a writing drawn up purporting to be a bill of sale, the expressed consideration therein being $2,600, which was the amount which appellee represented said stock of goods to be worth; at the same time appellee had prepared a note to be signed by these appellants calling for the sum of $1,971, which represented the difference between the value of the goods, as estimated by appellee, and the mortgage indebtedness. This note appellee requested appellants to sign. Appellants objected to the bill of sale and note as not evidencing the contract and agreement between them and appellee, but they signed said note, and

appellee signed said bill of sale, with the express under-
standing and agreement that said note was not to be deliv-
ered to appellee, but that the note, together with the bill of
sale, was to be placed in an envelope, and sealed, and left
in the custody of the Citizens Bank of L. Bose & Co. at
Argus, Indiana, and they were to remain in said bank, and
were not to be taken therefrom, and said note was not to be
delivered to appellee except with the consent and in the
presence of appellee and all these appellants; and that after
said goods had been sold, and the chattel mortgage had been
paid, and the expenses of the sale had been deducted, and
the notes paid upon which appellants were surety for ap-
pellee, whatever balance there remained was to be paid to
appellee, and said note of $1,971 was to be destroyed and
to be of no effect; and in like manner said note was to be
of no force or effect should the price received for said goods
be insufficient to pay the mortgage indebtedness and the
notes upon which appellants were sureties for appellee.
Said note and bill of sale were deposited in said bank as so
agreed.   Said bill of sale and note were signed, and de-
posited in the bank to satisfy appellee, who claimed that the
stock of goods were worth $2,600, and were so signed and
deposited, under the express agreement that neither of them
were to be of any force or effect in the event that said goods
should sell for a less amount than would be necessary to pay
the mortgage debt, the expenses of sale, and the debts upon
which appellants were obligated as sureties for appellee.
That the event upon which the execution of said bill of sale
and note depended never occurred, because said goods were
not sold for a sufficient amount to pay the mortgage debt,
expenses of sale, and the debts upon which appellants were
the sureties of appellee.   But in accordance with their un-
derstanding and agreement, and with the consent and
acquiescence of appellee, the appellants sold said goods to
one James M. Wickhizer for $1,700, which was their full
value, and with said $1,700 paid the expense of the said sale,

the mortgage debt, and applied the balance upon the notes upon which appellants were surety for appellee. That said balance left after the payment of the mortgage indebtedness and costs of sale was wholly insufficient to pay the debts upon which appellants were obligated as sureties for · appellee, and there was nothing left to pay over to appellee under their said agreement. That, as soon as it was ascertained that the balance left from the sale of the goods after paying the mortgage indebtedness was not sufficient to pay the said surety debts, the appellants, together with appellee, went to the said· bank, and said note and bill of sale were taken from said envelope, and delivered to appellants in the presence of and with the consent of appellee; and said appellee then and there stated that everything between the appellants and appellee was settled. That appellee at the time said note was signed, and during all the time it was in said bank, and at the time it was delivered to appellants, was insolvent, and still remains insolvent.

Thirty-seven of the reasons assigned in appellants' motion ·for a new trial are based on the action of the lower court in refusing certain evidence offered by appellants. In nearly all of these thirty-seven reasons, the action of the court complained of consisted in excluding evidence which tended to disprove the execution of the note and bill of sale by showing that they had never been delivered, and thus lacked one essential element of execution. It is not necessary that we go through all the exceptions saved by appellants to the ruling of the court upon this class of evidence. One or two of the questions refused is sufficient to present appellants' contention. A. B. Wickhizer, a witness called by appellants, was asked the following question by appellants' counsel: "You may state why the note wasn't given to the plaintiff (appellee) after it was signed?" Also the following question: "You may state why the bill of sale wasn't given to the defendants or either of them?" · The lower court refused to allow witness to answer either of said

questions, and also struck out the answer of said witness to the following question: "What time was fixed between you people as to when he was to have the note and you the bill of sale, if any time was fixed?"—the answer stricken out being, "Only we were to get together and get those papers out of the bank, and when they were drawn out they were to be destroyed." The answer of said witness to the following question was also stricken out: "You say it was understood and agreed upon that upon the happening of some event the note might be delivered to Bolin; what was that event?" The answer which was stricken out being as follows: "That was in the event of the goods bringing as much or more than the note showed, or bill of sale, over and above the notes they were held on."

It seems to us that the action of the lower court in each of its rulings above noted was wrong. The execution of the note and bill of sale upon which appellee's complaint is based was denied. If the note and bill of sale were never delivered they were never executed. The intention of the parties to the transaction must be known before a court or jury can decide whether or not there has been a delivery. It was said in the case of *Fitzgerald* v. *Goff,* 99 Ind. 28, that the following instruction stated the law correctly, viz.: "A deed may be written, signed, acknowledged and certified and still be inoperative for want of delivery, for delivery is an incident essential to the execution of a deed. The question of delivery is always one of the intention of the parties. If the deed passes into the hands of the grantee, without the intention on the part of the grantor that it should become operative and be used for the purpose intended, it is not a delivery." In the case of *Vaughn* v. *Godman,* 94 Ind. 191, it was said: "The question of delivery is one of fact to be determined upon the evidence. In all disputes as to whether or not a deed has been delivered, the most important inquiry is to ascertain the intent of the grantor in the act, or several acts, which, it may be claimed, constitute a delivery." In

the case of *Hotchkiss* v. *Olmstead,* 37 Ind. 74, it was said: "To constitute a delivery there must be an intention to part with the control over the instrument, and place it under the power of the grantee or some one for his use." The facts surrounding the transaction, showing the intention of the parties as to when, and under what circumstances, the two papers signed by the parties to this action should be in effect, a note and a bill of sale, respectively, were certainly competent evidence, and the jury were entitled to them upon the issue made by the answers of *non est factum,* if under no other issue presented in this cause by the pleadings.

Appellants were not permitted to prove the agreement and understanding of all the parties (which related solely to the delivery of the note and bill of sale), at the time said note and bill of sale were signed and deposited in bank. Such an agreement or understanding would be the very essence of the intention of the parties, and appellants were certainly entitled, under the issues, to produce such evidence. The answers stricken out by the lower court went directly to this point, and were competent as going to show the intention of the parties upon the question of delivery. The questions refused would have elicited answers showing whether there was an agreement or understanding of the parties as to the delivery of the papers, and what that agreement was; or, in other words, what their intention was.

The motion for a new trial is a joint motion by all of the appellants.

It is contended by counsel for appellee that the joint answer of *non est factum* directed to the first paragraph of complaint, having been verified by but one of the appellants, is available only as to such appellant, and put appellee upon proof of the execution of the instrument only as to the party verifying the answer; and that appellants Gordon, Reed, and Yearick, not having joined in the answer of *non est factum,* and the only question in the case being the execution of the instruments sued on, then the motion for a new trial was

properly overruled as to them, and if properly overruled as to them, it was properly overruled as to all.

The question presented is not free from doubt. The Supreme Court of this State in the case of *Feeney* v. *Mazelin*, 87 Ind. 226, held that a joint answer by two defendants alleging a material alteration after the execution of the promissory note which was the foundation of the action, which is verified by the affidavit of only one of them, is sufficient only to put the plaintiff upon proof of the execution of the note by the one so verifying the answer. The above case was cited by Mitchell, J., in delivering the opinion of the court in *Swales* v. *Grubbs*, 126 Ind. 106, wherein the court said at page 109, "Indeed, we can see no substantial reason for requiring all of a number of joint makers of an instrument, who join in a plea of *non est factum*, to verify the plea." The answer in the case at bar was the joint answer of all the appellants, and by it appellee was informed that all of the appellants denied the execution of the note. True, but one of them verified the answer by his affidavit, but, as was said by Mitchell, J., in the case last cited, we can see no good reason why the answer should receive any further verification. But conceding the law to be as is stated in the case of *Feeney* v. *Mazelin*, *supra*, then appellee's position is correct both as to the effect of the answer, and as to the effect of appellants' joint motion for a new trial, unless the failure of appellee to object in the lower court at the proper time to the answers, by moving to reject or strike them from the files, waived all objection on the ground of want of verification. In the case of *Pudney* v. *Burkhart*, 62 Ind. 179, the Supreme Court say at page 181: "If a pleading which the statute requires to be verified by affidavit is not so verified, and the opposite party accepts it, without objection for that reason, and takes issue of law or fact upon it, the objection will be considered as waived. *Hagar* v. *Mounts*, 3 Blackf. 57; *McCormick* v. *Maxwell*, 4 Blackf. 168; *Dawson* v. *Vaughan*, 42 Ind. 395.

The proper practice is, in such cases, to move to reject the pleading for want of verification. A demurrer admits the truth of the pleading, and thus supplies the want of verification which is complained of." In the case of *Hagar* v. *Mounts, supra,* the Supreme Court say: "The first thing to be examined is, whether the evidence offered, supposing it tended to the making of a good defense, was admissible under the pleas filed? By the statute, any plea requiring the proof of the execution of a bond or note, must be supported by affidavit. * * * The pleas in this case deny the execution of the note by Hagar and aver it to have been given by Wilson for his individual debt. If the statute extends to these pleas, it was for the plaintiff to object to them on that ground. This he did not do; but, on the contrary, he went to trial, without objection, on the merits of the defense. He must, therefore, be presumed to have waived the formality of an affidavit to the pleas. Where the parties go to trial on the general issue without its being sworn to, the defendant is presumed to rely upon some other defense than a denial of the note. But no presumption can exist, in the case of a special plea denying the execution of the note. The plaintiff need not go to trial on the special plea unless it be sworn to, but if he does, the same proof will be admissible as if the affidavit had been made. Considering the pleas in this case, therefore, as regularly before the court, the evidence in their support, if it tended to show a valid defense, should not have been rejected." The case of *Hagar* v. *Mounts, supra,* has been often cited with approval by the Supreme Court of this State in subsequent decisions. In the case of *Lange* v. *Dammier,* 119 Ind. 567, it is said: "Where the verification of a pleading is required, the proper practice is to move its rejection for want of verification, and if part, but not all, of the averments require that the pleading shall be verified, and it is not, then such part should be rejected on motion. *Sutherland* v. *Hankins,* 56 Ind. 343; *Decker* v. *Gilbert,* 80 Ind. 107; *Pudney* v. *Burkhart,* 62 Ind. 179;

*Buchanan* v. *Logansport, etc., R. Co.;* 71 Ind. 265; *Turner* v. *Cook,* 36 Ind. 129; *Hagar* v. *Mounts,* 3 Blackf. 57; *Hagar* v. *Mounts,* 3 Blackf. 261; *McCormick* v. *Maxwell,* 4 Blackf. 168. The objection should be made before entering upon the trial, otherwise it comes too late." In the case of *Bradley* v. *Bank, etc.,* 20 Ind. 528, it is held that if the answer is received and acted upon on the trial, without verification, the verification is waived by the party for whose benefit it is required, and the issue formed is good. In this cause all the answers filed by appellants, except the general denial, put in issue the execution of the note, the third paragraph raised the issue as to both note and bill of sale. No objection was made during any stage of the proceedings on the ground that the answers, or either of them, were not verified by appellants. Issues of both law and fact were tendered by the appellee, and a trial was had upon those issues. The evidence which the court rejected we think was material evidence in this cause, and its exclusion was harmful to appellants. The judgment of the lower court is therefore reversed, with instructions to grant appellants' motion for a new trial.