Filed April 22, 1885.

---

No. 11,967.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* FOX ET AL.

EVIDENCE.—*Objections to Admissibility of.*—*Practice.*—Objections to the admissibility of evidence, upon the ground that it is not competent, material or relevant, presuppose a legal traversable issue, and they are to be disposed of upon such assumption.

SAME.—*Jurisdiction.*—*Supreme Court.*—A question as to the admissibility of evidence, based upon the ground that the trial court had no jurisdiction

The Louisville, New Albany and Chicago Railway Company *v.* Fox *et al.*

of the subject-matter, can not be raised for the first time in the Supreme Court.

PRACTICE.—*Motion in Arrest of Judgment.*—*Pleading.*—A single paragraph of a complaint consisting of more than one can not be assailed by a motion in arrest of judgment.

JUDGMENT.—*Jurisdiction of Subject-Matter.*—*Practice.*—Where the trial court has jurisdiction of the cause of action stated in one paragraph of complaint, but not of that stated in another, and renders judgment upon both, such judgment is not void, and it will be upheld on appeal to the Supreme Court in the absence of any proper objection to the jurisdiction.

NEW TRIAL.—*Excessive Damages.*—*Practice.*—Where a judgment is too large, a new trial should be asked on the ground of excessive damages.

From the Carroll Circuit Court.

*W. F. Stillwell,* for appellant.

BEST, C.—This action was commenced in the circuit court and was brought to recover the value of animals alleged to have been killed by the appellant upon its road at a point where the same was not securely fenced.

The complaint consisted of two paragraphs. The first sought the recovery of $35, the value of a heifer, and the second $80, the value of a colt, killed as alleged. Issue, trial, finding and judgment for $105. Motions for a new trial and in arrest of judgment were overruled, and these rulings are assigned as error.

The ground of the motion for a new trial, relied upon for a reversal of the judgment, is that the court erred in the admission of certain testimony as to the value and ownership of the heifer, and in refusing to strike out such testimony. The objection made to each question propounded in relation to the heifer was, that the matter sought to be proved was "incompetent, immaterial and irrelevant," and the same reasons were assigned in support of the motion to strike out such testimony. These objections were not well taken, because the testimony was competent, material and relevant in the trial of the issue formed. All such objections presuppose a legal traversable issue, and they are to be disposed of upon

such assumption. Thus considered, the objections made were properly overruled.

It is also urged here that the court had no jurisdiction of the cause of action stated in the first paragraph of the complaint, for the reason that the value of the heifer was less than $50, and therefore the testimony in question should have been excluded. The answer to this position is that no such objection was made in the court below, and hence no such question arises here. A party can not resist a ruling below upon one ground and assail it upon another here; nor can he clothe his objection in such general terms as to exclude his real point and for the first time develop it here. The objection must be explicit. This is due the court, and had this rule been observed in this case the appellant would not probably have been compelled to come to this court upon this question. It was not done, and, therefore, the objections made did not raise any question as to the jurisdiction of the court over the subject-matter of the action stated in the first paragraph of the complaint.

The motion in arrest of judgment raises no such question, because the second paragraph of the complaint is unquestionably good, and a single paragraph of a complaint consisting of more than one can not be assailed by a motion in arrest of judgment. Such motions address themselves to the entire complaint, and if a single paragraph is sufficient the motion must fail. A single paragraph of such pleading can alone be successfully assailed by a demurrer.

Nor does the rule that a judgment rendered without jurisdiction of the subject-matter is void, however or whenever it appears, apply in this case, for the reason that the court did have jurisdiction of the cause of action stated in the second paragraph of the complaint, and this will uphold the judgment. The most, then, that can be said is that the judgment was rendered for more than the appellee was entitled to recover upon such cause of action. This appears to be true, but as a new trial was not asked on the ground that the damages assessed.

were excessive, the record presents no such question. The real point intended to be made was that the court had no jurisdiction of the cause of action stated in the first paragraph of the complaint, but as no demurrer was filed, and no such objection made upon the trial, this record presents no such question.

The judgment should, therefore, be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed in all things, at the appellant's costs.

