# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1892, IN THE SEVENTY-SEVENTH YEAR OF THE STATE.

———◆———

No. 584.

FIKE ET AL. *v.* DAVIS ET AL.

DAMAGES.—*Excessive.—Must be Assigned as a Cause for a New Trial.*—If the damages are excessive it is cause for a new trial; but unless so assigned it is not available on appeal.

CHATTEL MORTGAGE.—*Indefinite Description. — Parol Evidence to Aid.*—Where it was impossible to tell from the description to which of two boilers the description applied, parol evidence was admissible to identify the property actually mortgaged.

From the Grant Circuit Court.

*S. Moore,* for appellants.

*G. W. Harvey* and *A. De Wolf,* for appellees.

REINHARD, C. J.—This action was instituted by the appellees against the appellants for the value of a certain engine and boiler of the appellees which, it was alleged, the appellants had wrongfully taken and converted to their own use. The cause was tried by a jury, resulting in a verdict for the plaintiffs, who are the appellees here. The overruling of the motion for a new trial is the only error assigned.

The motion challenges the sufficiency of the evidence to sustain the verdict as to each one of the appellants separately.

The appellee Hannah J. Davis purchased of the appellant Fike two engines and two boilers, and sold to the appellee Sprague an interest therein.  One of these boilers constitutes the property for which the appellees recovered this judgment.

The appellant Fike had purchased one of these boilers from the appellant Keiser and one Terhune, and had executed to them a chattel mortgage thereon for unpaid purchase-money.  Upon the sale to Mrs. Davis she assumed the payment of this mortgage.

The other boiler which Fike sold to Mrs. Davis had been purchased by him of one D. R. McKinney.  It, too, was encumbered by a mortgage for the purchase price, and Mrs. Davis, in her trade with Fike, assumed the payment of $160 of such debt, being the balance due from Fike to McKinney. Upon this boiler neither of the appellants had any claim or title after the sale by Fike to Mrs. Davis.  When the debt to Keiser and Terhune became due, they instituted foreclosure proceedings, and at the sheriff's sale became the purchasers of the boiler and engine and other property described in their mortgage.  The other boiler was not sold at the sheriff's sale. The sale to Keiser and Terhune divested Mrs. Davis and her co-appellee, Sprague, of all title to the boiler mentioned in the chattel mortgage.  The McKinley boiler continued the property of Davis and Sprague, subject to the McKinley claim of $160.  Fike had no further interest in it.  The evidence establishes the foregoing facts without controversy. It also tends to show that subsequently Keiser and Terhune sold a portion of the mortgaged property back to Fike.  The evidence is very meager upon the subjects of who took the property away, just what was taken away, and how a portion came to go to Fike and a portion to Keiser.  But it tends to show that whatever portion Fike received he sold to his co-appellant, Leach, and that this included one of the boilers.

Keiser was present at the sale, and purchased the mortgaged property for himself and Terhune.   There is no evidence that Keiser ever laid any claim to the small boiler whatever.   He was not present when the same was transferred to Leach, by Fike, nor when it was taken away from Mrs. Davis, and there is no substantial evidence from which the jury could legitimately find that, if Fike and Leach wrongfully converted the appellee's boiler, Keiser was a party to such conversion.   The evidence shows, on the other hand, that Keiser received the large boiler under the claim that it was the same that was conveyed to him through the chattel mortgage.   The description of the boiler in the mortgage furnished no clue to the solution of the difficulty of the identity of the boiler named in said mortgage, it being described simply as "one stationary boiler complete, with all its fixtures."   Fike claimed in his testimony that the boiler he took away and sold to Leach was the one upon which the mortgage was given; that he derived title to it by purchase from Keiser, and the latter from the sheriff.   Keiser claimed the large boiler as the one upon which the mortgage was executed to him and purchased by him at the sheriff's sale, and Sprague so testified.

If the testimony of Fike is true, then Keiser must have wrongfully taken the large boiler, which Fike says was not in the mortgage.   In that event we understand how Keiser would be liable, but do not see upon what theory Fike and Leach could be held.   But if the testimony of Sprague was true, that the large boiler was the one mortgaged, Keiser could only be responsible for the conversion of the smaller one upon the theory that he had or claimed some interest in it, and was in some way concerned in the transfer to Leach, or that the boiler was taken by his order or direction.   It is certain that both of these theories can not be true.   The jury evidently adopted the view that the boiler named in the mortgage was the large boiler taken by Keiser.   Upon this theory Keiser could not be held liable, for, as we have seen,

the evidence fails to connect him with the conversion of the small boiler.

The appellants do not controvert the fact that the case was decided upon this theory, and hence they argue that while the evidence wholly fails to connect Keiser with the transaction and that the judgment, as to him, must be reversed in any event, there should be a reversal also as to the other appellants—not because there was no evidence against them tending to prove a conversion, but for the reason that the damages are excessive. But as this cause was not assigned in the motion for a new trial, it can not now be considered. *Louisville, etc., R. W. Co.* v. *Fox,* 101 Ind. 416. Counsel for appellees, in their argument, proceed upon the theory that the smaller boiler was the one converted by the appellants, but they do not show how, in any manner, Keiser was connected with the same. They completely omit any reference to the point so strongly insisted upon by appellants' counsel, of the failure of evidence to make a case against Keiser.

It follows, we think, that the separate motion of Keiser for a new trial should have been sustained, but that as to Fike and Leach the motion was properly overruled.

Judgment reversed as to Keiser and affirmed as to Fike and Leach.

Filed May 26, 1892.