CLOSE, BY NEXT FRIEND, v. PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 18,338.   Filed May 24, 1898.]

APPEAL.—*How Extrinsic Matters Made Part of Record Without Bill of Exceptions.*—To make matters outside of the record a part thereof by order of court instead of bill of exceptions, such extrinsic matters must be set out in the order.   *pp. 560-564.*

SAME.—*Presumption.*—It will be presumed on appeal that the circuit court in all things conformed to and complied with the law.   *p. 565.*

From the Scott Circuit Court.   *Affirmed.*

*Oscar H. Montgomery* and *Joseph H. Shea*, for appellant.

*Simeon Stansifer*, for appellee.

McCABE, J.—The appellant sued the appellee in a complaint of three paragraphs, to recover for a personal injury to a minor, at the crossing of appellee's railway by a public highway, caused, as is alleged, by the negligence of appellee.

The appellee filed certain interrogatories to the appellant, which were answered by him.   Upon these interrogatories and their answers appellee moved to reject the complaint, on the ground that said complaint was false, and, therefore, a sham pleading, according to section 386, Burns' R. S. 1894 (383, R. S. 1881).   The circuit court sustained said motion, rejected all three paragraphs of the complaint, and afterwards dismissed the cause for want of a complaint. Upon this action of the circuit court, alone, error is assigned here by appellant.

After stating that said motion was sustained, and plaintiff's exception thereto, the record reads thus: "And it is now ordered by the court that defendant's motion to dismiss this action, the interrogatories propounded by defendant to plaintiff, and plaintiff's

answers thereto, the court's ruling on said motion and defendant's exceptions to such ruling and all entries with respect to said motion, interrogatories, answers, ruling, and exceptions be made a part of the record of this cause without a bill of exceptions, which motion, interrogatories, answers, ruling, and exceptions are in the words following, to wit: here follow interrogatories as set out heretofore in this transcript at pages 15 to 25 inclusive; and answers thereto as set out herein at pages 26 to 33 inclusive; and motion by defendant to dismiss as appears herein at page 36; the court's ruling sustaining said motion as contained herein at page 37; the exceptions of the plaintiff to the ruling of the court as noted herein at page 38."

The matters sought to be made a part of the record by the order above quoted are manifestly no part of the record, unless made so either by bill of exceptions or order of court. The bill of exceptions is of statutory origin as the order of the court by which matters not a part of the record are incorporated into it or added thereto. The matters mentioned were not made part of the record by bill of exceptions. So that if they are a part of the record, it must be so because they have been made so by the order mentioned. The above order obviates the defect in the order for which it was held in *Russ* v. *Russ*, 142 Ind., at p. 474, that the extrinsic matter there involved had not been brought into the record. The order there was as follows: "And the court having heard said motion, overrules the same, to which ruling of the court, the defendant at the time excepts, and the same is now ordered to be made a part of the record." It was held there that such order was too indefinite as to the particular matters intended to be incorporated into the record. But there was another defect in the order there, as

there is here, and which we did not there mention, that rendered the order ineffective to make the matters referred to therein a part of the record, namely, the matters sought to be incorporated into the record by such order are not set out in the order. The section of the code on the subject provides that: "All proper entries made by the clerk, and papers pertaining to a cause, and filed therein (except a summons for the defendant, where all the persons named in it have appeared to the action, and summons for witnesses, depositions, and other papers which are used as mere evidence) are to be deemed parts of the record; but a transcript of motions, affidavits, and other papers, when they relate to collateral matters, and depositions and papers filed as mere evidence shall not be certified, unless made a part of the record by exception or order of court and directed to be certified by appellant. * * * Every paper and pleading above excepted may be made a part of the record by exceptions or order of the court on motion." To make matters outside of the record a part thereof by order instead of bill of exceptions, in the very nature of the transaction, the added matter must be spread upon, or written into the record. That can only be done by setting such matter forth in the order. Otherwise, this court could never tell what extrinsic matter had been added to or incorporated in the record. Before the extrinsic matter can become a part of the record by such an order it must be designated in the order at *least,* as all must admit. And if the extrinsic matter is simply designated or named in the order, without setting it forth therein, then something has been named or designated that is yet still remaining outside of the record that is by virtue of such order to become a part of the record. And who is to be the judge of what foreign matter is to go into

the record under the order? The judge alone who makes the order is clothed with the power to decide what specific and particular extrinsic matter shall go in under the order. But if that thing is not set forth in the order, then the right of the judge to determine what extrinsic matter shall go in under such order is taken away, and such judicial function is left to be performed by the clerk. That cannot be done in any case. This is so, because if the order merely designates the extrinsic matter, without setting it forth in the order, the clerk alone is left to say what shall go in under the order, even though such foreign matter may appear elsewhere in the transcript. But when such matter is set forth in the order, making it a part of the record, the judge alone determines what shall go in under the order. But here it appears that the extrinsic matter is referred to in the order, designating the pages of the transcript where such extrinsic matters have been copied into the transcript. Those matters confessedly not being a part of the record, a mere reference to them has no greater effect than if they had been copied into some other document, book, or paper, and referred to, even if such a reference would make them a part of the order, if they were legitimately a part of the record at the places in the transcript where they are copied. But there is no authority for making extrinsic matter a part of such an order of court as there is in case of a bill of exceptions by a direction to (here insert). The only authority for making extrinsic matter a part of the record by order of court generally is the section above quoted. A very different section provides for incorporating certain matters into a bill of exceptions by a direction to (here insert). Section 638, Burns' R. S. 1894 (626, R. S. 1881).

It may be objected to this view that it requires as

much trouble to incorporate extrinsic matter into the record by an order of court as by a bill of exceptions. To which it may be answered that there is nothing apparent on the face of the section quoted indicating a legislative intent to make it any less cumbersome than a bill of exceptions, except in one particular. The only difference so far as work is concerned is, that the order is written out on the order book by the clerk under the direction of the court, saving the counsel the trouble of writing a bill of exceptions and securing the judge's approval and signature thereto.

It has been uniformly held by this court that in case of a skeleton bill of exceptions, even with a direction to (here insert), the clerk cannot make the matter directed to be inserted in such place a part of the record by a reference to such matter elsewhere copied into the transcript, if such matter so elsewhere copied was not there a legitimate part of the record. *Douglass* v. *State*, 72 Ind. 385; *Kesler* v. *Myers*, 41 Ind. 543; *Carver* v. *Carver*, 44 Ind. 265; *Kimball* v. *Loomis*, 62 Ind. 201; *Colee* v. *State*, 75 Ind. 511; *City of New Albany* v. *Iron Substructure Co.*, 141 Ind. 500, 504. If a bill of exceptions cannot make such extrinsic matters a part of the record by a mere reference to them between the brackets in the bill where they ought to have been inserted, the reason is much stronger why the order of the court could not do so.

It would be most unreasonable to suppose that the legislature intended in providing two methods of incorporating extrinsic matter into the record, that one should be any less certain than the other as to what is a legitimate part of the record after it is done. It is inconceivable that the legislature intended to leave attorneys free to choose between a loose, slip-shod, and an orderly, certain, and effectual way of making such matters a part of the record.

We therefore conclude that the interrogatories, answers thereto, and the motion to reject the complaint have not been made a part of the record by the order of the court. And hence, we cannot tell whether the court erred in rejecting the complaint or not. But the presumption of law is that the circuit court in all things conformed to and complied with the law, until the contrary is made to appear affirmatively by the record. Elliott's App. Proc., sections 709-712, and cases there cited. And the contrary is not made to appear by this record.

Therefore the judgment is affirmed.