TILDEN v. LOUISVILLE AND JEFFERSONVILLE FERRY
COMPANY.

[No. 19,613.    Filed December 11, 1901.]

PLEADING.—*Rejecting False Pleading.*—Under §385 Burns 1901, a
complaint shown to be false by the answers of plaintiff to special
interrogatories is properly rejected on motion.  *pp. 532, 533.*

APPEAL AND ERROR.—*Record.*—*Pleading.*—*Amendment.*—An origi-
nal complaint superseded by an amended complaint, although
copied in the transcript, is not a part of the record, and cannot be
considered on appeal.  *pp. 533, 534.*

SAME.—*Record.*—*Rejected Pleading.*—*Answers to Interrogatories.*—
A rejected pleading and answers to special interrogatories pro-
pounded under §385 Burns 1901 can only be made a part of the
record by bill of exceptions or by order of court.  *pp. 533, 534.*

SAME.—*Record.*—*Rejected Pleading.*—*Bill of Exceptions.*—A rejected
complaint and answers to interrogatories propounded to plaintiff
under §385 Burns 1901, for the purpose of ascertaining whether the
pleading was false, do not constitute a part of a bill of exceptions
unless copied into it at full length before it is signed, or appropri-
ately referred to and the proper place for insertion designated by
the words "here insert," as required by §638 Burns 1901.  *p. 534.*

From Clark Circuit Court; *J. K. Marsh,* Judge.

Action by Mary M. Tilden against the Louisville and
Jeffersonville Ferry Company for personal injuries.  From
a judgment for defendant and overruling plaintiff's mo-
tion to dismiss the action, plaintiff appeals.  *Affirmed.*

*C. L. Jewett* and *H. E. Jewett,* for appellant.

*G. H. Voigt,* for appellee.

MONKS, J.—This action was brought by appellant against
appellee to recover damages for personal injuries.  An
amended complaint was filed.  Afterwards, appellee filed a
motion to reject the complaint for the reason that the same
"is shown to be false in fact by the answers of plaintiff to
special interrogatories propounded to her to ascertain
whether said complaint is false."  The court sustained this
motion and ordered and adjudged that said complaint be

rejected.   Appellant thereupon moved the court for leave to dismiss said action, which motion the court overruled and refused to allow appellant to dismiss said action and rendered final judgment against her.   The errors assigned and not waived by a failure to argue the same call in question the action of the court in sustaining appellee's motion to reject the complaint.

Under the provisions of §385 Burns 1901, §382 R. S. 1881 and Horner 1897, if a complaint is shown to be false by the answers of plaintiff to special interrogatories it is proper to reject the same on motion.   *Close v. Pittsburgh etc., R. Co.,* 150 Ind. 560; *Moyer* v. *Brand,* 102 Ind. 301; *Lowe* v. *Thompson,* 86 Ind. 503.

Section 385 (382), *supra,* was enacted after the cases of *Boggess* v. *Davis,* 34 Ind. 82 and *Mooney* v. *Musser,* 34 Ind. 373, cited by appellant, were decided, and establishes a different rule.   *Lowe* v. *Thompson,* 86 Ind. 503, 506, 507.

The original complaint was superseded by the amended complaint, and although copied in the transcript is not a part of the record, and cannot be considered.   *Aydelott* v. *Collings,* 144 Ind. 602, 603; *Travelers Ins. Co.* v. *Martin,* 131 Ind. 155; *State, ex rel.,* v. *Hay,* 88 Ind. 274.   Said rejected pleading and appellant's answers to interrogatories could only be made a part of the record by a bill of exceptions, or order of court.   *Carrothers* v. *Carrothers,* 107 Ind. 530, 532, 533, and cases cited.   *Dudley* v. *Pigg,* 149 Ind. 363, and cases cited.   The amended complaint is not copied into the record proper, but appears with the answers of appellant to the interrogatories, in the bill of exceptions, which is copied into the transcript.   This bill of exceptions also contains the answers of appellant to interrogatories, the motion to reject said pleading, and the ruling and judgment of the court thereon.

Appellee insists that said amended complaint and the answers of appellant to the interrogatories propounded to her are not properly a part of the record, because, when

said bill of exceptions was signed the same were not copied therein, nor made a part thereof by the words "here insert" as required by §638 Burns 1901, 626 R. S. 1881 and Horner 1901. On application of appellee a copy of said original bill of exceptions as it appeared when signed and filed has been certified to this court, and the same fully sustains appellee's contention.

It has been uniformly held by this court under said §638 (626), *supra,* that written instruments do not constitute a part of a bill of exceptions, unless copied into it at full length before it is signed, or are appropriately referred to and the proper place for insertion designated by the words "here insert." *Pennsylvania Co.* v. *Sears,* 136 Ind. 460, 474, and cases cited; *Irwin* v. *Smith,* 72 Ind. 482, 489, 490; Elliott's App. Proc. §818. Although the clerk has copied the amended complaint and appellant's answers to interrogatories into the bill of exceptions, it was improper for him to do so, and the same cannot be considered.

All presumptions are in favor of the correctness of the rulings of the trial court, and these presumptions continue until the contrary affirmatively appears from the record. *Close* v. *Pittsburgh, etc., R. Co.,* 150 Ind. 560.

As the contrary is not made to appear by the record, the judgment is affirmed.