## McGUFFIN v. LENFESTY, RECEIVER.

[No. 8,927. Filed January 8, 1915.]

1. APPEAL.—*Review.*—*Ruling on Motion in Arrest of Judgment.*— There was no error in the overruling of a motion in arrest of judgment grounded on the alleged insufficiency of certain paragraphs of answer, where other paragraphs disclosed by the record were not questioned and there was nothing to indicate that the judgment was rendered on either of the objectionable paragraphs. p. 519.

2. APPEAL.—*Review.*—*Presumptions.*—It is to be presumed in aid of a judgment that the ruling of the lower court is correct. p. 520.

3. JUDGMENT.—*Motion in Arrest.*—Where there are several paragraphs in a pleading, a motion in arrest of the judgment on the ground that one of the paragraphs is bad will not lie. p. 520.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Proceedings on the disallowance by Frank C. Lenfesty, Receiver of the O. H. Kellar Chair Company, of the claim of John B. McGuffin. From the judgment against him, the claimant appeals. *Affirmed.*

*Mead S. Hays* and *Griffith D. Dean,* for appellant.

*J. F. Charles,* for appellee.

SHEA, J.—This was an action on a claim filed by appellant against appellee as receiver for the O. H. Kellar Chair Company. The facts briefly stated are as follows: McGuffin was president of the O. H. Kellar Chair Company, and while president executed to himself certain notes, which, together with an account filed as a claim against the assets amounted to $26,500. The claim was rejected by the re-

ceiver. The cause was submitted to the court for trial, the finding being against appellant. The receiver filed an answer in five paragraphs, the first a general denial, the others alleging affirmative matter. No question is presented on the motion for a new trial, neither is the evidence in the record.

A motion in arrest of judgment was filed as follows: "Comes now John B. McGuffin, claimant herein, and moves the court in arrest of judgment for the following reasons: (1) That neither the third nor fourth paragraph of the defendant's answer states facts sufficient to constitute a cause of defense to the claimant's claim. (2) That neither said third nor said fourth paragraph of answer of defendant contains an averment that the claimant took and appropriated the $26,500 and thereby impaired or reduced the capital stock or property of the corporation. (3) That neither said third nor said fourth paragraph of defendant's answer avers or charges sufficiently that the claimant took said $26,500 in fraud of creditors, or that at the time said money is alleged to have been taken that there were any creditors of said corporation." The alleged error in the ruling on this motion is the question presented to this court.

We need not set out these paragraphs of answer in full. We are not able to ascertain from the record whether the judgment was rendered upon either of these paragraphs. In so far as the record shows, it may have been a finding against appellant upon the general denial, or it may have been a finding for appellee upon the second or fifth paragraph of answer.

It is well settled if there is one good paragraph in the record, that the motion in arrest of judgment must be overruled. In the case of *Gilmore* v. *Ward* (1899), 22 Ind. App. 106, 109, 52 N. E. 810, the court said: "But the rule is well settled that where the court has jurisdiction of the subject-matter, and has acquired jurisdiction of the parties,

the judgment will not be arrested if the complaint contains one good paragraph." In the case of *Lange* v. *Dammier* (1889), 119 Ind. 567, 570, 21 N. E. 749, the court said: "It is a settled rule of practice in this State not to arrest judgment if the court has acquired jurisdiction over the person, and has jurisdiction of the subject-matter, if there is one good paragraph in the complaint."

Neither the second nor fifth paragraph of answer is challenged, either by demurrer or in the motion in arrest of judgment. The presumption is that the ruling of the lower court is correct. Elliott, App. Proc. §§709, 710; Ewbank's Manual §122; *Close* v. *Pittsburgh, etc., R. Co.* (1898), 150 Ind. 560, 50 N. E. 560; *Tilden* v. *Louisville, etc., Co.* (1901), 157 Ind. 532, 62 N. E. 31; *Bray* v. *Tardy* (1914), 182 Ind. 98, 105 N. E. 772.

It is also well settled where there are several paragraphs in a pleading that a motion in arrest of judgment because there may be one paragraph of the pleading bad, will not lie. *Jones* v. *Jones* (1884), 97 Ind. 188; *Waugh* v. *Waugh* (1874), 47 Ind. 580; *Baddeley* v. *Patterson* (1881), 78 Ind. 157. We are not called upon to do so and we do not decide in this case that a motion in arrest of judgment may ever be properly addressed to an answer.

No reversible error is presented by the record in this case. Judgment affirmed.

NOTE.—Reported in 107 N. E. 475. As to what are sham answers and the remedies against them, see 113 Am. St. 639. See, also, under (1, 3) 23 Cyc. 829; (2) 3 Cyc. 320.