## YOUNG v. OLDER.

[No. 22,838. Filed October 27, 1915.]

1. CONTRACTS.—*Building Contracts.—Action.—Complaint.—Exhibits.*—While in actions on a written contract the code requires that the contract, though in separate parts, shall be filed with the complaint, it does not require that plans and specifications referred to in a building contract shall be so filed in an action thereon. p. 648.

2. CONTRACTS.— *Building Contracts.— Action.— Complaint.— Negativing Waiver.*—In an action for damages for breach of a building contract, where the complaint set up facts to show a *prima facie* case, it was not insufficient for failure to negative a waiver of plaintiff's right to take advantage of the breach, since such was a matter of defense. p. 648.

3. CONTRACTS.—*Building Contracts.—Action for Breach.—Waiver. —Reply.— Sufficiency.—* Where, in an action for breach of a building contract, defendant answered on the theory that the breach was waived by the fact of plaintiff's presence in person or by agent while the work was in progress, and by her acceptance and settlement when the work was completed, a paragraph of reply alleging that plaintiff did not know of the defective mate-

rial and workmanship as alleged in the complaint at the time of settlement, and could not have discovered same because they were not open to observation, was not open to the objection that it failed to allege that the defects were latent. p. 648.

4. APPEAL.—*Review.*—*Demurrer to Reply.*—*Failure to File Memorandum.*—Alleged error in the overruling of a demurrer to a reply is not available where no memorandum of defects was filed with the demurrer. p. 649.

5. APPEAL.—*Review.*—*Findings.*—A finding supported by some evidence is supported by sufficient evidence. p. 649.

From Allen Circuit Court; *J. W. Eggeman*, Judge.

Action by Melvina Older against George Young. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Jesse Macbeth* and *Elmer Leonard*, for appellant.
*John H. Aiken*, for appellee.

LAIRY, J.—Appellee brought this action against appellant to recover damages for the breach of a building contract. It was alleged that appellant failed to comply with the contract in that he failed to properly lay the floors in certain rooms of the building and to construct them in a good and workmanlike manner, and that he neglected to complete the house according to the contract in several other particulars. The trial court found that appellant had not laid the floors in question properly or in accordance with the agreement, and that by reason of such fact the house was worth $75 less than it would have been if constructed as required by the contract. Judgment was rendered against appellant for $75 damages.

Appellant assigns that the trial court erred in overruling his demurrer to the amended complaint. The memorandum attached to the demurrer questions the sufficiency of the complaint in two particulars: (1) that certain plans and drawings referred to in the contract were not filed as exhibits, and (2) that the pleading fails to negative a waiver on the part of appellee of her right to take advantage of a

breach of the contract. As to the first point raised it was not necessary to make these plans and drawings exhibits. While it is true that the code requires in actions on a written contract, that such instrument even though in separate parts, must be filed with the complaint, a reasonable construction of the statute in this respect, does not require that plans and drawings referred to in the contract shall be so filed as they do not constitute the instrument sued on. *Bird* v. *St. John's Episcopal Church* (1900), 154 Ind. 138, 56 N. E. 129; *Continental Life Ins. Co.* v. *Kessler* (1882), 84 Ind. 310; *Williams* v. *Markland* (1896), 15 Ind. App. 669, 44 N. E. 562.

The specifications in appellant's memorandum as to the second point are not well taken. The facts stated in the complaint made a *prima facie* case and the allegation which appellant claims should not have been omitted was purely a matter of defense. The demurrer to the complaint was correctly overruled.

Paragraphs of affirmative answer were filed to the effect that appellee had waived any right which she may have had to claim that the building was not completed according to the agreement. They set up that appellee or her agents had been present while the work on the building was in progress and that when the same was completed it was accepted and that a settlement was had. An affirmative paragraph of reply was filed to these answers and a demurrer thereto overruled. Upon an assignment of error predicated upon this ruling appellant claims that the reply was insufficient for the reason that it was not alleged therein that the defects complained of were latent. This is exactly what the pleading does show. It sets out that the appellee did not know of the defective material and workmanship as alleged in her complaint at the time of settlement and could not have discovered the same as they were not open to the observation, and that she did not know of them until after settlement. Appellant's contention is not

well founded and could not avail him in any event
4. for the reason that no memorandum was filed with the demurrer in accordance with the statute.

By the third, fourth and fifth assignments of error appellant calls in question the correctness of the trial court's conclusion of law upon the finding of facts. It is urged that these conclusions are not supported by findings within the issues. This is untenable, and in view of what has been said, space need not be taken in discussing it.

Appellant's assignment that the court erred in overruling his motion for a new trial, raising the question of the sufficiency of the evidence, is not well taken for the
5. reason that there was some evidence to support the finding. Other questions raised already have been disposed of. The record discloses no substantial error and a correct result seems to have been reached. Judgment affirmed.

NOTE.—Reported in 109 N. E. 909. See, also, under (1) 6 Cyc. 93; 31 Cyc. 556; (2) 9 Cyc. 727; (3) 6 Cyc. 97; 9 Cyc. 746; (4) 3 C. J. 1416; 2 Cyc. 1013, 1016; (5) 3 Cyc. 348, 360.