## AUFDERHEIDE *v.* ROHR.

[No. 23,301. Filed February 26, 1918.]

1. APPEAL.—*Review.—Verdict.—Interrogatories.— Sufficiency of Evidence to Support.*—Where the answers to interrogatories are consistent with the general verdict, the inquiry of the court, under an assignment as reason for new trial that the verdict is not supported by sufficient evidence, must be directed to the evidence in the cause with a view of determining whether there is any evidence to support the verdict, without regard to the interrogatories and answers. p. 207.

2. APPEAL.—*Review.—Sufficiency of Evidence.*—Where there is a conflict in the evidence, the settlement of the question is for the jury, as the court on appeal will not disturb the jury's verdict where there is some evidence to support it. p. 209.

3. APPEAL.—*Harmless Error.—Instructions.—Cure by Verdict.* —In an action by a wife for the conversion of furniture, part of which was owned jointly by her and her husband, who authorized the sale of it by the defendant, neither the giving of an instruction that permitted the jury to assess damages for the jointly-owned furniture, nor the refusal of an in-

struction that eliminated such furniture from the jury's consideration, was reversible error, where the evidence showed that the value of the plaintiff's property not included in the mortgage exceeded the amount of the verdict. p. 210.

4. APPEAL.—*Presumptions.—Proceedings in Trial Court.*—On appeal the proceedings and orders of the trial court are presumed to be correct, and this presumption prevails until the contrary appears from the record. p. 210.

From Marion Superior Court (94,509) ; *W. W. Thornton,* Judge.

Action by Catherine Rohr against Rudolph C. Aufderheide, doing business under the name and style of the State Loan Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Philip Wilkinson* and *Elias D. Salsbury,* for appellant.

*Thomas W. Perkins,* for appellee.

MYERS, J.—This was an action by appellee against appellant for conversion of certain household goods. From the complaint it appears that on February 21, 1914, appellee was the owner of certain household goods, which she itemizes and values, and of the aggregate value of $858. Appellant was a petty money lender doing business under the name of State Loan Company, and on that day wrongfully and unlawfully sold and converted said household goods to his own use, to her damage.

The complaint was answered by a general denial, and a further answer showing in substance that on November 2, 1912, appellee and one Joseph C. Rohr were husband and wife, and on that day said company loaned to Joseph C. Rohr $39, which was evidenced by a promissory note, payable in fifty-two weekly installments and secured by a chattel mortgage on certain property men-

tioned in the complaint; that at the time of the execution of the mortgage and as an inducement for the making of the loan, appellee executed an affidavit to the effect that her husband was the owner and in possession of the furniture covered by the mortgage; that the note and mortgage were accepted, and the money loaned on the faith of appellee's said affidavit; that on January 2, 1914, said Joseph C. Rohr, with the knowledge and consent of appellee, authorized in writing said company to take possession of the property described in the mortgage, which was then in a storage house in Indianapolis, and to sell the same without notice and apply the proceeds in payment of the balance due on the note and mortgage; that pursuant to this authority, appellant sold the property to a named dealer in second-hand furniture, who paid therefor $57, and out of this money appellant paid a storage bill of $37, and applied the remaining $20 on his loan, leaving an unpaid balance of $6.25.

To this answer appellee replied by a general denial. The issues thus formed were submitted to a jury, and with its general verdict in favor of appellee for $225 damages, it returned answers to twenty-eight interrogatories. Judgment followed the verdict. Appellant's motion for a new trial was overruled. This ruling is the only error relied on for a reversal of the judgment. The causes included in this motion requiring our attention are: That the verdict is not sustained by sufficient evidence and is contrary to law; that the court erred in giving certain instructions, and in refusing to give instructions requested.

Appellant, to maintain the cause—want of sufficient evidence—insistently argues that certain answers to interrogatories are contrary to the uncontradicted

1. evidence, and without regard to truth, and therefore this case is controlled by the cases of *Chi-*

*cago, etc., R. Co.* v. *Cobler* (1909), 172 Ind. 481, 487, 87 N. E. 981, and *South Shore Gas, etc., Co.* v. *Ambre* (1909), 44 Ind. App. 435, 87 N. E. 246. We cannot agree with this conclusion. Beyond question the answers to the interrogatories are consistent with the general verdict. This being true, our inquiry under the assignment in question must be directed to the evidence in the cause, with a view of determining whether or not there is any evidence to support the verdict, without regard to the interrogatories and their answers. *Staser* v. *Hogan* (1889), 120 Ind. 207, 21 N. E. 911, 22 N. E. 990; *Jenney Electric Mfg. Co.* v. *Flannery* (1912), 53 Ind. App. 397, 415, 98 N. E. 424; *Barr* v. *Sumner* (1915), 183 Ind. 402, 424, 107 N. E. 675, 109 N. E. 193; *Chicago, etc., R. Co.* v. *Mitchell* (1915), 184 Ind. 588, 593, 594, 110 N. E. 680.

From the allegations of the complaint it appears that appellee not only claimed to be the owner of the goods described in the mortgage but of other goods, which appellant converted to his own use, in value greatly in excess of that shown by the jury's verdict. She testifies that appellant not only sold the goods described in the mortgage but other goods belonging to her, which she itemized, aggregating in value $342.65. She also testified that she and her husband had separated in June, 1913, and that all of the household goods and some of her wearing apparel and jewelry had been stored by her husband and were in storage at the time of the sale; that she did not know her husband had authorized appellant to sell the goods, and had no notice of such sale until after it had been made; that the sale was made upon the written consent of her husband and not otherwise. She explained the circumstances surrounding the signing of what purports to be an affidavit, covering practically all the goods described in the mortgage, but never at any time swore to the affidavit before a notary

public or any other officer. From her own labors she paid $200 on the bill of goods amounting to $370, most of which was covered by the mortgage. The evidence is uncontradicted that Mr. Rohr received $25, gave his note secured by mortgage for $39, on which $12.50 had been paid. The dealer who bought the goods testified from a list as to the articles of goods for which he paid $57. He admitted that as a part of the same transaction he bought other goods from appellant, some of which he afterwards sold back to appellee, but that he had no list of these goods. From his evidence as to these articles, the jury might have inferred that his memory was bad. There is sharp conflict in the evidence on material issues, settlement of which was for the jury. It

2. will serve no good purpose for us to spend time and take space to set out the evidence, to which we have only made slight reference, tending to support the verdict in this case. We have carefully gone through the record and we are satisfied that there is evidence from which the jury might readily have found greater damages than it did without including any of the property mentioned in the affidavit. In passing, we may say that the evidence disclosed by this record is not such as would likely prejudice favorably an intelligent, fair-minded jury to the case as made by appellant; nor does it seem to have dealt unreasonably with him as might have been expected. The state of the record concerning the evidence will not justify us in disturbing the jury's conclusion; nor authorize us to reverse the judgment for want of evidence. *Young* v. *Older* (1915), 183 Ind. 646, 649, 109 N. E. 909; *Brown* v. *State* (1915), 184 Ind. 254, 108 N. E. 861, 111 N. E. 8; *Vandalia Coal Co.* v. *Coakley* (1915), 184 Ind. 661, 667, 111 N. E. 426. The verdict was not contrary to law.

As to the questioned instructions, it is apparent from

what we have already said in passing on the evidence that a mandatory instruction in favor of appellant was properly refused.

If, as claimed, instruction No. 4 permitted the jury to assess damages for property converted and owned by appellee and her husband together, under a complaint alleging that appellee was the owner, and that the refused instruction No. 7 eliminated such property from the jury's consideration, still there would be no reversible error in either case, for the reason, as we have seen, there is evidence showing that the value of appellee's property taken by the appellant, and not covered by the mortgage, exceeded the amount of the verdict. In this court the proceedings and orders of the trial court are presumed to be correct, and this presumption continues until the contrary appears from the record. *Tilden* v. *Louisville, ctc., Co.* (1901), 157 Ind. 532, 62 N. E. 31; *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125; *Vesey* v. *Day* (1910), 175 Ind. 406, 94 N. E. 481. Conceding, then, that appellee and appellant owned part of the property in common, or that the affidavit in question estopped appellee from asserting title to the property mentioned therein as against appellant, what is in this record to show that the jury included it? On the contrary, it affirmatively appears that such property was not included. We see no error on account of these instructions.

Judgment affirmed.

NOTE.—Reported in 118 N. E. 823.