## BOTTORFF *v.* BOTTORFF.

[No. 23,602.   Filed January 12, 1921.]

1. JUDGMENT.—*Motion in Arrest.*—Since a motion in arrest of judgment challenges the whole complaint, it fails if there is one good paragraph. p. 92.

2. APPEAL.—*Record.—Bill of Exceptions.—Judge's Certificate.— Sufficiency.*—In view of §657 Burns 1914, Acts 1897, p. 244,

the certificate of the trial judge to a bill of exceptions, duly filed, containing the evidence, is sufficient to warrant consideration of the evidence by the Supreme Court, without the record showing that the evidence was written and filed by the official reporter as provided in Acts 1899 p. 384, §1685 *et seq.* Burns 1914, the latter act being void. p. 93.

3. APPEAL.—*Record.*—*Bill of Exceptions.*—*Certification.*—The trial judge's certificate to the bill of exceptions containing the evidence authenticates all previous statements in the bill. p. 93.

4. PARENT AND CHILD.—*Support of Child.*—*Power of Court.*— The court has extensive authority, not accurately defined, in the matter of compelling a father to support his minor children, in the exercise of its chancery powers. p. 96.

5. HUSBAND AND WIFE.—*Action for Support.*—*Judgment.*— *Nature of.*—In a wife's action for support under §7869 *et seq.* Burns 1914, §5132 R. S. 1881, the court is not authorized to render a personal judgment or order against the husband for any amount, or for an indeterminate number of weekly payments, the court's power being limited to a judgment against the husband's property. p. 96.

6. HUSBAND AND WIFE.—*Support.*—*Duty of Husband.*—Where, upon a proper showing, a reasonable judgment has been made for the support of the wife against the husband's property, and the husband refuses further support after exhaustion of the allowance, another such judgment could be rendered in a support action, since the husband's duty to support is a continuing one. p. 96.

From Clark Circuit Court; *James W. Fortune,* Judge.

Suit by Leona Bottorff against Birdcell Bottorff. From a judgment for the plaintiff, the defendant appeals. *Reversed.*

*H. Willard Phipps* and *James L. Bottorff,* for appellant.

*George C. Kopp* and *James D. Ermston,* for appellee.

EWBANK, J.—The appellee brought this action against her husband, the appellant, alleging that they were married on August 29, 1916, and separated on October 21, 1916. In the first paragraph of her complaint she alleged that on the latter date "the defendant with-

out cause wholly deserted plaintiff, not leaving her with sufficient provision for her support," and had since refused to contribute to her support. In the second paragraph the plaintiff alleged that the defendant had told her certain things which a kind husband obviously would not say to his wife, and had "quarreled with and abused her," and had requested and demanded that she leave his home, "and pursuant to said demand and request the plaintiff on said day did leave    *    *    *    and the defendant has (since) wholly failed to support plaintiff, or to contribute anything whatever for her support."

Neither paragraph of the complaint was tested by a demurrer, but the defendant joined issue by an answer of general denial to both paragraphs. After hearing the evidence, the court found "for the plaintiff, and that she is entitled to recover of the defendant the sum of ten ($10) dollars each week until the further order of the court."

A motion for a new trial, alleging that the decision was not sustained by sufficient evidence, and was contrary to law, and that the assessment of the amount of recovery was too large, was overruled, and appellant excepted. The appellant then filed his motion in arrest of judgment, which was also overruled, and he excepted. And the court thereupon rendered judgment that the plaintiff (appellee) recover from the defendant (appellant) "the sum of Ten ($10) Dollars each week    *    *    * until further order of court," beginning March 24, 1917.

Appellant insists that the second paragraph of the complaint fails to state a cause of action, and therefore that his motion in arrest of judgment should 1. have been sustained. But it has always been and is the rule that such a motion challenges the complaint as a whole and must fail if there is one good paragraph. *McGuffin v. Lenfesty* (1915), 57 Ind. App.

518, 520, 107 N. E. 475; *Lange* v. *Dammier* (1889), 119 Ind. 567, 570, 21 N. E. 749. Appellant concedes that the first paragraph was sufficient. Therefore there was no error in overruling the motion in arrest of judgment.

It is next urged that the amount of the recovery was too large. There is no ready method of calculating just what was the total amount of the recovery. But, for reasons that appear in this opinion, we do not think it necessary to decide whether or not the finding, if it were otherwise valid, would be open to this objection.

It is insisted that the evidence is not sufficient to sustain the finding. Appellee asserts that the court cannot consider the evidence, because, she insists,

2. it does not appear from the record that an official reporter was reported and sworn, or that such reporter certified to the transcript as containing all the evidence, or filed her transcript of the evidence with the clerk, or that such transcript was the same as appears in the bill of exceptions; in other words, it does not appear that Acts 1899 p. 384, §§1, 2, 5, 6, §§1685, 1686, 1689, 1690 Burns 1914, was complied with. But it has been many times decided that the act referred to is invalid, and that, if the judge has certified to the bill of exceptions containing the evidence, and it is duly filed, the record need not show that the evidence was written out and filed by the official reporter, nor by whom it was reported. Acts 1897 p. 244, §657 Burns 1914; *Hauger* v. *Benua* (1899), 153 Ind. 642, 646, 53 N. E. 942; *Huffman* v. *Thompson* (1912), 177 Ind. 366, 368, 98 N. E. 113; *Adams* v. *State* (1901), 156 Ind. 596, 604, 59 N. E. 24.

Appellee further urges that the evidence is not in the record because, she says, the judge's certificate does not state that the bill of exceptions contains all of

3. the evidence. In this counsel are mistaken. The statement "and this was all the evidence given

in said cause," appears three times in the bill, once at the close of the evidence, and twice more just before the final recital that the bill was tendered to and signed by the judge. It is true that this final recital, which is followed by the judge's signature, does not again state that the bill of exceptions contains all the evidence, but it authenticates all the previous statements in the bill, including its repeated assertion that this was all the evidence given in the cause. Since this judgment must be reversed, and the cause will have to be again tried, for reasons other than the alleged insufficiency of the evidence, and this court does not know just what the evidence will be at such future trial, we think it unwise to volunteer an opinion as to the sufficiency of the evidence to sustain the finding, if a finding authorized by law shall hereafter be made.

It is next urged that the finding is contrary to law. The section of the statute under which this action was prosecuted provided, in part, as follows: "A married woman may obtain provision for the support of herself * * * in any of the following cases: First. Where the husband shall have *deserted* his wife * * * without cause, not leaving her * * * sufficient provision for her * * * support." §5132 R. S. 1881, §7869 Burns 1914. "Such action shall be commenced by filing a complaint * * *. Such complaint * * * shall also describe, as specifically as possible, the property of the defendant husband, real or personal, in the State of Indiana, and allege the probable value thereof. The complaint shall also state the circumstances and mode of life of the husband and wife, and the sum necessary for the support of the wife and children, if there be any." §5133 R. S. 1881, §7870 Burns 1914. "* * * If the facts stated in the complaint are found to be true, the court may make such orders and allowances, in the nature of alimony, out of

the husband's estate, as may seem just and equitable * * *." §5134 R. S. 1881, §7871 Burns 1914.

The section last quoted from and succeeding sections of the statute also provide for the sale, mortgaging, or leasing of real or personal property of the husband, and the appointment of receivers to effect such purposes, and the collection of debts due the husband and their application "in satisfaction of the judgment," all of which is to be done "when such judgment for alimony is rendered." §§5135, 5136 R. S. 1881, §§7872, 7873 Burns 1914. The divorce statute expressly provides that: "The decree for alimony to the wife shall be for a sum in gross, and not for annual payments; but the court, in its discretion, may give a reasonable time for the payment thereof, by instalments, on sufficient surety being given * * *" §1047 R. S. 1881, §1088 Burns 1914.

And there is no statute or section of the statute which purports to give the court power to make a personal order against the husband for the payment of money for the support of his wife, otherwise than by a decree for alimony, except only the following: *"Pending a petition for divorce,* the court, or the judge thereof in vacation, may make, and by attachment enforce * * * such orders relative to the expenses of such suit as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof." §1042 R. S. 1881, §1080 Burns 1914.

There is also a statute which authorizes the court to order a certain portion of the wages, earnings or income of a parent (either father or mother) to be paid to a designated person for the support of minor children, after such parent has been convicted of a felony for deserting them. Acts 1915 p. 654, §2635a Burns' Supp. 1918. And another statute permits a court before which a husband is charged with a mis-

demeanor for wilfully neglecting to furnish necessary food, clothing and medical attention to his wife or children, to order the defendant to pay a certain sum weekly for not more than two years for their support. Acts 1915 p. 139, §2635c et seq. Burns' Supp. 1918. And the court by which a divorce is granted also has power to require the father of minor children to contribute to their support when they are given into the custody of the mother upon granting a divorce.

4. §1046 R. S. 1881, §1084 Burns 1914. And the court has an extensive power, not accurately defined, in the matter of compelling a father to support his minor children, in the exercise of its powers as a court of chancery.

But there is no statute authorizing the court to make a personal order against the husband in an action by his wife for support such as the one now before

5. the court. The statute under which this suit was brought, as above set out, like Acts 1857 p. 94 (§7876 Burns 1914), does not authorize a personal judgment or order against the husband for any amount, but only a judgment against his property. *Stanbrough* v. *Stanbrough* (1878), 60 Ind. 275.

If the court should make a reasonable allowance against the property of the husband, upon a proper showing, and he should persist in refusing to sup-

6. port his wife after that was exhausted, another judgment to be paid out of his property could be rendered in an action for support, as the husband's obligation to support his wife is a continuing one. *Carr* v. *Carr* (1892), 6 Ind. App. 377, 33 N. E. 805.

But the rendition of a personal judgment against the appellant for an indeterminate number of weekly payments to the appellee until the further order of court was not authorized, and the finding that appellee was entitled to such a judgment was contrary to law.

Appellant's motion for a new trial should have been sustained. The judgment is reversed, with costs, and the cause is remanded to the circuit court, with instructions to grant a new trial, and for further proceedings not inconsistent with this opinion.