## MOORE v. MOORE.

### [No. 10,665. Filed January 14, 1921.]

1. HUSBAND AND WIFE.—*Wife's Action for Support.—Personal Judgment Against Husband.—Validity.—Statutes.*—In a wife's action against her husband for support under §§7869-7871 Burns 1914, §§5132-5134 R. S. 1881, the court has no authority to render a personal judgment requiring defendant to make an indeterminate number of monthly payments to the wife, its authority in such a proceeding being limited to awarding the wife a fixed amount payable out of the husband's property. p. 629.

2. JUDGMENT.—*Failure to Conform to Verdict.—Remedy.—Motion to Modify.*—If a judgment gives the prevailing party greater or less relief than he is entitled to under the verdict or finding, the remedy is by motion to modify the judgment. p. 630.

3. JUDGMENT.—*Conformance to Verdict or Finding.*—A judgment must follow and conform to the verdict or finding. p. 630.

4. JUDGMENT. — *Requisites.* — *Fixing Amount of Recovery.* — Where there is a mere finding for plaintiff, without assessment

of damages or fixing the amount of recovery, no judgment can properly follow.   p. 630.

5.   HUSBAND AND WIFE.—*Wife's Action for Support.—Finding. —Sufficiency to Sustain Judgment.*—In a wife's action against the husband for support under §§7869-7871 Burns 1914, §§5132-5134 R. S. 1881, a finding for plaintiff and that the allegations of her complaint were true, and that defendant deserted the wife and children without cause and without providing for them, but failing to embrace a finding as to the amount of recovery, was insufficient to sustain a judgment against the husband.   p. 630.

6.   NEW TRIAL.—*Defect in Finding.—Remedy.—Venire de Novo.* —Defects in the form of a finding cannot be reached by a motion for a new trial, but only by a motion for a *venire de novo.*   p. 630.

7.   TRIAL.—*Verdict.—Failure to Cover Issues.—Remedy.—Venire de Novo.*—Where the court makes a general finding or the jury returns a general verdict which fails to cover all the issues, the remedy is by a motion for a *venire de novo.*   p. 630.

From Hendricks Circuit Court; *Zimri E. Dougan,* Judge.

Action by Carrie Moore against Harry Moore. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Ira M. Sharp,* for appellant.

*William J. Meade* and *Otis E. Gulley,* for appellee.

McMAHAN, J.—Appellee brought this action against appellant, her husband, alleging that appellant had abandoned her and their four infant children without leaving sufficient provisions for their support, and praying for a judgment and order for the payment of $100 per month for the support of herself and children.

The complaint is based upon §§7869-7871 Burns 1914, §§5132-5134 R. S. 1881.   Appellant filed an answer of general denial.   There was a trial by the court, which resulted in a general finding "for the plaintiff upon her complaint and against the defendant and that the allegations of plaintiff's complaint are true.   The court further finds that the defendant deserted the plaintiff,

Carrie Moore, and their four children (naming them), without cause, not leaving said plaintiff nor said children sufficient provisions for their support, and that they are at this time without sufficient provisions for their support."

Upon this finding the court rendered the following judgment: "It is therefore ordered, adjudged and decreed that the plaintiff recover judgment against the defendant for the sum of $82.50 per month as and for her support and the support of her four children,   *   *   *, that said defendant Harry Moore discharge the above order and judgment by paying the clerk of the Hendricks Circuit Court upon the first day of June, 1919, the sum of $82.50 for the use and benefit of said plaintiff and her said children, and when said amount is so paid to said clerk then the same shall be paid by said clerk to said plaintiff and it is further ordered that a like sum of $82.50 be paid upon the first day of each succeeding month thereafter until further order of this court."

Appellant filed a motion to modify the judgment by striking therefrom all that "part and portion thereof which orders and directs this defendant to pay to the Clerk of this court for the use of the plaintiff the sum of $82.50 per month beginning on or before the first day of June, 1919." This motion was overruled and exception saved.

Appellant filed a motion for a new trial, the specifications named therein being that the decision of the court: (1) Is contrary to law; (2) is not supported by sufficient evidence; (3) the amount of recovery is too large; and (4) excessive damages. This motion was overruled and judgment rendered as before stated.

The errors assigned are that the court erred: (1) In overruling the motion to modify the judgment; (2) in overruling his motion for a new trial.

Appellant insists that the court had no power or authority to enter a judgment requiring him to pay a certain sum of money monthly; that §§7871-7874 1. Burns 1914, §§5134-5137 R. S. 1881, require that the judgment should be for a fixed amount payable out of the property of defendant.

In *Bottorff* v. *Bottorff* (1921), (Ind.) 129 N. E. 478, the finding and judgment was "that the plaintiff * * * recover from the defendant * * * 'the sum of Ten ($10) Dollars each week * * * until further order of court.'" The appellant there assigned as one ground for a new trial that the decision of the court was contrary to law. The court, after setting out the various sections of the statute bearing upon the subject, said: "But there is no statute authorizing the court to make a personal order against the husband in an action by his wife for support, such as the one now before the court. The statute under which this suit was brought, as above set out, like Acts 1857 p. 94 (§7876 Burns 1914), does not authorize a personal judgment or order against the husband for any amount, but only a judgment against his property. *Stanbrough* v. *Stanbrough* (1878), 60 Ind. 275, 279. If the court should make a reasonable allowance against the property of the husband, upon a proper showing, and he should persist in refusing to support his wife after that was exhausted, another judgment to be paid out of his property could be rendered in an action for support, as the husband's obligation to support his wife is a continuing one. *Carr* v. *Carr* (1892), 6 Ind. App. 377, 33 N. E. 805. But the rendition of a personal judgment against the appellant for an indeterminate number of weekly payments to the appellee until the further order of the court was not authorized, and the finding that appellee was entitled to such a judgment was contrary to law."

The rule is that, if the judgment gives the party obtaining the same greater or less relief than he is entitled to under the verdict or finding, the remedy

2.  is by motion to modify the judgment. *Jarrell* v. *Brubaker* (1898), 150 Ind. 260, 49 N. E. 1050; *Warrick* v. *Spry* (1912), 49 Ind. App. 327, 97 N. E. 361.

It is a well-settled principle of law that the judgment must follow and conform to the verdict or finding. 11 Ency. Pl. and Pr. 905.   Where there is a mere

3-4.  finding for the plaintiff, without assessment of damages, or fixing the amount of recovery, no judgment can properly follow. *Fruits* v. *Elmore* (1893), 8 Ind. App. 278, 34 N. E. 829; *Stout* v. *Gaar, etc., Co.* (1901), 26 Ind. App. 582, 60 N. E. 357.

In harmony with above authorities we hold that the court erred in overruling appellant's motion to modify the judgment.

The finding of the court was a general, not a special, finding.   It was wholly insufficient and so defective as not to justify the court in rendering judgment

5-6.  upon it.   Appellant's motion for a new trial does not reach the defects in the form of the finding. This can only be reached by a motion for a *venire de novo*.   *Bohr* v. *Neuenschwander* (1889), 120 Ind. 449, 22 N. E. 416.

Where the court makes a general finding or the jury returns a general verdict, which fails to cover all

7.  the issues, the remedy is by a motion for a *venire de novo*.   *Brehm* v. *Hennings* (1919), 70 Ind. App. 625, 123 N. E. 821.

Appellant insists that the finding is not sustained by sufficient evidence, but, since the cause must be reversed for other reasons, we do not deem it necessary to pass upon this question, as the evidence upon another trial may be materially different from that given on the former trial.

But, since the finding is not sufficient to support any judgment, the cause is reversed, with direction to set aside the judgment and to grant a *venire de novo.*