## MELAND v. STATE OF INDIANA.

[No. 24,580.    Filed February 24, 1925.]

1. FALSE PRETENSES.—*Indictment.*—*Representation of a Present Fact.*—An indictment against an attorney for obtaining money by false pretense in obtaining the signature of his client to a promissory note on a false representation that a cash deposit was required to be made by him to perfect an appeal for the client, sufficiently charges the false representation of a present fact.    p. 632.

2. COURTS.—*Death of Judge.*—*Signing Proceedings.*—*Presumption.*—Since the statute (§1451 Burns 1914, §1331 R. S. 1881) expressly authorizes the signing of the record of an action by the successor of a judge who dies before signing such record, it will be presumed, in the absence of an affirmative showing as to the time when or circumstances under which the record was signed, that it was signed in all respects in obedience to the law.    p. 632.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Hans C. Meland was convicted of obtaining a thing of value by false pretenses, and he appeals. *Affirmed.*

*Hans C. Meland,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

EWBANK, J.—Appellant, as defendant below, was charged by indictment with the offense of obtaining by false pretenses the signature to a promissory note of a woman for whom he was acting as attorney. A special judge having been appointed upon his application, the cause was submitted for trial and a finding was made and entered on the order book that he was guilty as charged, and for his offense should be imprisoned in the county jail for six months and fined $50. The special judge died without having signed the record of proceedings on the last day of the trial when the finding was made, and a month later another special judge was

appointed and qualified, by whom judgment was rendered some months later in conformity with the finding. Thereupon, as stated by appellant in his brief, the new special judge, "on the 23d day of June, 1923, signed the record that had been made by his predecessor on the 17th day of April, 1923, without causing the record to show that said signing was *nunc pro tunc*." The action of the trial court in overruling a motion to quash the indictment, and the act of the second special judge in signing the record made by the first one, as stated, are insisted upon as causes for asking that the judgment be reversed.

The indictment charges, in substantial conformity with the provisions of the statute (§2588 Burns 1914, §677, Acts 1905 p. 584), that on, etc., at, etc., the defendant, with intent by such false pretense to cheat and defraud Josephine E. Noonan, for the purpose of obtaining her signature to a certain promissory note for $300 that is set out at length, did then and there unlawfully, feloniously, falsely and designedly pretend to her that he had prayed and taken an appeal of a certain divorce suit on her behalf to the Supreme Court of Indiana, and "that $300 in cash was required to be placed in the hands of the clerk of the trial court by him as her attorney in perfecting her appeal," whereas in truth and in fact this was not required; that believing and relying on said false representations and being deceived thereby, having no means of learning the facts to the contrary, she did affix her signature to said note, by reason of such reliance and belief, and that defendant received and obtained possession thereof, and disposed of the same for value, before maturity, to an innocent holder thereof, to the injury of said Josephine E. Noonan, contrary, etc.

The only objection to the sufficiency of this indictment suggested by counsel for the appellant is the asser-

tion that it charges "merely the representation
1.  of a thing that may happen in the future and not
the representation of an existing fact." But the
allegation that he falsely represented to Mrs. Noonan
"that $300, in cash, was required to be placed in the
hands of the clerk of said Superior Court by him as
her attorney for her in perfecting said appeal," and
thereby obtained her signature to a note for that amount
which he cashed, sufficiently charged the false represen-
tation of a present fact. No error was committed in
overruling the motion to quash the affidavit. .

As to the act of the second special judge in signing
the record of the action taken by the predecessor on
the last day that he held court before his death,
2.  the statute expressly authorized this to be done.
§1451 Burns 1914, §1331 R. S. 1881; *Owen* v.
*Harriott* (1911), 47 Ind. App. 359, 94 N. E. 591. And
in the absence of any affirmative showing as to the time
when or the circumstances under which the record was
signed, except that the signature of the second special
judge appears at the conclusion of the entry, we must
presume that it was signed in all respects in obedience
to the law. *Close* v. *Pittsburgh, etc., R. Co.* (1898), 150
Ind. 560, 565, 50 N. E. 560; *Tilden* v. *Louisville, etc.,
Co.* (1901), 157 Ind. 532, 534, 62 N. E. 31; *Aufderheide*
v. *Rohr* (1918), 187 Ind. 205, 210, 118 N. E. 824; Ew-
bank's Manual, §§122, 198; Elliott, Appellate Procedure
§§709-712.

The judgment is affirmed.