## LAKER v. LAKER.

[No. 13,499. Filed October 29, 1929.]

L. E. Davies and Charles A Lowe, for appellant.

LOCKYEAR, J.—This was an action brought by the appellant, Margaret Laker, against her husband, Louis Laker, to obtain provision for support of herself and children under §8752 Burns 1926, which provides, in substance, that a married woman may obtain provision for the support of herself and the infant children of herself and husband in her custody in certain cases, one of which is where the husband shall have deserted his wife or his wife and children without cause, not leaving her or them sufficient provision for her or their support.

The appellant filed a complaint against the appellee in conformity with the statute, §8753 Burns 1926, alleg-

ing that the appellee abandoned her and her three children and that he did not leave them sufficient provision for support.

The appellee was duly served with process, but failed to appear and was defaulted, and has not appeared or filed any brief in this court in this cause.

It appears in evidence that the appellant and the appellee were the owners as tenants by entirety of 140 acres of land, upon which they lived as husband and wife in Dearborn county; that the appellee abandoned the appellant, and that she rented the land to another party and received rent therefrom. The court assessed the amount of appellant's recovery at $930, allowing her $15 per week for 62 weeks, and, after thus allowing her this sum, the court then credited said amount with several amounts she had received from the sale of personal property of appellee, which sales were made necessary for her support, aggregating $844.67, which was deducted from said amount of $930 theretofore allowed, and rendered a judgment against the appellee in the sum of $85.33.

The appellant filed her motion for a new trial, alleging as reasons therefor, that the finding of the court is contrary to law, is not sustained by sufficient evidence, and that the amount of recovery as assessed by the court is too small. The motion for a new trial was overruled, from which ruling of the court this appeal is prosecuted.

The statute under which this action is brought does not authorize a personal judgment or order against the husband for any amount, but the property of the husband may be applied to the support of the wife and children. The statute provides for a proceeding in *rem* only. *Bottorff* v. *Bottorff* (1921), 190 Ind. 90, 129 N. E. 478; *Moore* v. *Moore* (1921), 74 Ind. App. 626, 129 N. E. 480; *Stanbrough* v. *Stanbrough* (1878), 60 Ind. 275.

We hold that the rendering of a personal judgment against the appellee is contrary to law, and, therefore, the judgment is reversed.